**STATE of Missouri, Plaintiff-Respondent,**

v.

**Carl Abe BROWN, Defendant-Appellant.**

**No. 55664.**

Supreme Court of Missouri,
Division No. 1.

Feb. 8, 1971.

John C. Danforth, Atty. Gen., Thomas H. Stahl, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

Orville C. Winchell, Lebanon, for defendant-appellant.

WELBORN, Commissioner.

Jury found appellant, Carl Abe Brown, guilty of stealing property of a value of at least $50. Trial court, under Second Offender Act, fixed punishment at four years' imprisonment. This appeal followed.

At some unspecified hour on August 27, 1968, an employee of Quality Court Motel in Lebanon, Missouri, cleaned and put in order Room 241 of the motel. She observed that the Motorola color television set was in the room. She closed and locked the door to the room.

At around 1:00 A.M., August 28, appellant, Carl Abe Brown, accompanied by a woman, appeared in the Quality Court Motel office and asked for a room. The clerk on duty had Brown complete a registration card and assigned him Room 241, giving him the key to the room. Brown left the office and was not seen again at the motel.

About forty minutes later, the woman appeared in the office, looking for a magazine. She talked to the clerk for about five minutes and then left. The clerk did not observe an auto moving around outside the premises after Brown registered. He did not see Brown go to Room 241. The room rental for the night was never paid.

At around 10:00 A.M., August 28, the employee who had cleaned the room the day before entered Room 241 to clean it, using a key to open the door. Shortly after entering the room she saw that the television set was missing. She called the motel office and advised the person on duty then that the television set was missing.

A city warrant was issued charging Brown with stealing. At approximately 11:15 or 11:30, a Lebanon policeman went to Brown's house to serve the warrant. The officer was admitted to the house by a woman who told the officer Brown was not there. The officer entered the house, searched it and in the course of the search Brown appeared in a second floor room. He was placed under arrest. The television set was never found.

At Brown's trial, the state offered evidence of the above matters. The only additional evidence offered by the state related to the necessity for a key to open the door to Room 241, the number of available keys which would open the door and the value of the missing television set.

After his motion for acquittal at the close of the state's case was overruled, defendant offered the testimony of the clerk of another motel in Lebanon that Brown checked in at his motel at around midnight on August 27, 1968, paid for a night's lodging and parked his car alongside the room assigned to him. He did not see Brown enter his room but did not see him leave either.

On this appeal, appellant has raised the question of sufficiency of the evidence in a rather indirect manner. However, failure of the evidence to support a conviction is a

matter of plain error under Supreme Court rule 27.20(c), V.A..R. State v. White, Mo. Sup., 439 S.W.2d 752, 753 [1, 2]; State v. McClunie, Mo.Sup., 438 S.W.2d 267, 268 [1, 2]. We, therefore, will consider the question although it is not properly raised.

 We are of the opinion that there is not sufficient evidence to support the verdict in this case. The only evidence connecting Brown with the disappearance of the television set is that he checked in at the motel and was given the key to the room from which the set was missing. These facts, coupled with the disappearance of Brown without paying for the room, do give rise to the suspicion that Brown removed the television set. However, conviction for a crime must be based upon something more than mere suspicion. Proof is required to be upon evidence showing the guilt of the defendant beyond a reasonable doubt. When, as here, the evidence is circumstantial, the evidence must be consistent with guilt and inconsistent with innocence. In this case, there was no evidence that the television set was in Room 241 when Brown arrived at the motel. The maid who had last seen the set in the room had left work at 5:00 P.M. A number of keys were available which might have been used by others to open the room before Brown arrived at the motel. Furthermore, Brown was never seen in Room 241 or nearer to the room than the motel office. Nor was the television set ever seen in his possession.

There is no consistent set of circumstances pointing surely to the guilt of the defendant and his conviction cannot be sustained. See State v. Murphy, 356 Mo. 110, 201 S.W.2d 280; State v. Archer, Mo.Sup., 6 S.W.2d 912.

Judgment reversed.

HOUSER and HIGGINS, CC., concur.

PER CURIAM:

The foregoing opinion by WELBORN, C., is adopted as the opinion of the Court.

All of the Judges concur.