**STATE of Missouri, Respondent,**

v.

**Conley BURNLEY, Jr., Appellant.**

**No. 56463.**

Supreme Court of Missouri, Division No. 2.

June 12, 1972.

John C. Danforth, Atty. Gen., Preston Dean, Asst. Atty. Gen., Jefferson City, for respondent.

Bell, Fullwood, Wilson & Harris, James A. Bell and Allen I. Harris, St. Louis, for defendant-appellant.

WILLIAM J. PETERS, Special Judge.

Following a trial before a jury, defendant was found guilty of Second Degree Burglary and Stealing. The Court, having found that the Habitual Criminal Act applied, assessed punishment at seven years imprisonment in the Department of Corrections for the charge of Second De-

gree Burglary and four years imprisonment for the charge of Stealing, the charge of Stealing to be served concurrently with the charge of Burglary. Sections 560.070, 560.156, 556.280, RSMo 1969 V.A.M.S.

At about 1:26 a.m. on November 12, 1968, in the City of St. Louis, two police officers were cruising the area in the vicinity of 4535 Pope, the Rexite Testing Company. When the officers arrived at the company premises they observed two Negro males, inside a fenced area, standing next to a broken window on what would be the north wall. When the officer approached these two subjects, they fled. The subjects were pursued and apprehended. Defendant was identified as one of the men apprehended and arrested.

The Rexite Casting Company is a foundry business producing aluminium and bronze castings. On November 11, 1968, an inventory was taken of the supply of bronze and aluminium ingots. The following day, November 12, 1968, when another inventory was taken, the company was one thousand and fourteen pounds short on ingots. The dollar amount of the missing ingots was six hundred ninety-nine dollars and sixty-six cents. Some seven hundred sixty-eight pounds of ingots were recovered and had a value of three hundred ninety-seven dollars and forty-four cents.

The evidence showed that a window on the north side of the building was broken and the recovered ingots were on the ground beneath that window and in the vicinity of where defendant was first seen. The evidence further indicated that defendant had never been given permission to be on the company property.

The company grounds embrace an acre or more of ground, which is totally enclosed with a fence. This fence is of a chain link type with a barbed wire top and has two gates facing different streets. The lock on a gate had been broken and the defendant was discovered by the policemen within the fenced in enclosure.

Rexite Casting does not have a night shift and the employee responsible for closing the windows testified they were locked before leaving the company premises. After the place was closed, there were boards piled inside the window to form a platform. Defendant did not testify and offered no evidence.

Defendant's sole argument on appeal is that the evidence was insufficient to sustain a verdict of guilty.

■ Defendant in his argument concedes that the evidence showed that the defendant was found within a fenced off area belonging to the Rexite Casting Company; and, that sometime in the seven and one-half hours prior to his discovery, this building had been burglarized and ten hundred and fourteen pounds of metal ingots were stolen and that various ingots were found on the ground where defendant was standing. The defendant states correctly that the case against him is based entirely upon circumstantial evidence, and the law is well settled in Missouri that in order to convict upon circumstantial evidence the circumstances must be consistent with guilt and inconsistent with innocence and must exclude every other reasonable hypothesis except for guilty. Defendant argues that the State did not make a submissible case. To accept this argument, we would have to conclude as a matter of law that the evidence was not sufficient to sustain the judgment of conviction. Supreme Court Rule 26.10, V.A.M.R.

While considering the sufficiency of the evidence (since this defendant was convicted), we are to consider all of it in the light most favorable to the State. State v. Davis, Mo., 367 S.W.2d 517. The evidence here must be considered in the light most favorable to the jury's verdict and inferences to the contrary must be disregarded. State v. Watson, Mo., 350 S.W.2d 763, 766.

Defendant cites State v. Irby, Mo., 423 S.W.2d 800, and State v. Brown, Mo., 462 S.W.2d 766. In Irby, the evidence showed

defendant and others were at a place of business early in the evening and left in a certain automobile. Thereafter the said place was burglarized and the same automobile was identified as being involved in the burglary. Subsequently, defendant and his companions of earlier in the evening were arrested and charged with burglary. Nothing connected defendant with the burglary. In Brown, defendant checked into a hotel room and thereafter left without paying. The following day it was discovered that the television in the room defendant had checked into was missing. Nothing connected defendant with the taking of the television. In each case, this Court held the evidence insufficient to convict the defendant of burglary. These cases are clearly distinguishable and of no benefit to this defendant.

A burglary was committed. Defendant concedes his presence at the scene and the evidence showed that he attempted to flee. For a case wherein this Court found that mere presence and flight alone is insufficient to sustain a conviction, see State v. Castaldi, Mo., 386 S.W.2d 392. We there said that flight is a factor of guilt to be considered by the jury.

■ The presence of the defendant at the scene of the commission of this felony was for consideration by the jury. State v. Corbin, Mo., 186 S.W.2d 469. The fact of flight was a circumstance indicating guilt. State v. Peterson, Mo., 305 S.W.2d 695. Unexplained flight may be considered as evincing evidence of guilt. State v. Kilgore, Mo., 447 S.W.2d 544. Defendant here fled from uniformed policemen who approached in a marked police car.

■ Additionally, defendant, without permission, was inside a fenced in area where the lock on the gate had been broken, in the dark of night, beneath a window which had been broken and inside of which, the evidence showed, a platform had been made to aid in removal of the fruits of the burglary, and the defendant was standing beside the ingots which came

from the building. We find the facts and circumstances shown to be sufficient to support the judgment entered.

The judgment is affirmed.

All of the Judges concur.