STATE of Missouri, Respondent,

v.

Edward Paul G'SELL, Appellant.

No. 34795.

Missouri Court of Appeals,
St. Louis District,
Division One.

May 1, 1973.

Motion for Rehearing or Transfer
to Supreme Court Denied
June 8, 1973.

Application to Transfer Denied
Sept. 10, 1973.

John C. Danforth, Atty. Gen., G. Michael O'Neal, David Robards, Jefferson City, James C. Gregory, Pros. Atty., Montgomery City, for respondent.

McQuie & Deiter, Walter D. McQuie, Jr., Montgomery City, for appellant.

CLEMENS, Judge.

A jury found defendant guilty of burglary and stealing in conjunction therewith and he was sentenced by the court to confinement for two concurrent two-year terms. The State relied on circumstantial evidence and defendant now contends the trial court erred in overruling his motion for a judgment of acquittal on the ground the evidence was insufficient for submission to the jury.

■ We need only consider evidence favorable to the State. State v. Burnley, 480 S.W.2d 881 (Mo.1972) and State v. Bayless, 362 Mo. 109, 240 S.W.2d 114 (1951).

Neil's Market in Jonesburg, Missouri, was forcibly broken into between six P.M. on April 7, 1971 and seven o'clock the next morning. Sixty cartons and some loose packs of cigarettes were stolen. Three sets of footprints leading from the market to a freshly tilled garden next door were found by investigating officers. Footprints with a tread design similar to one of the sets found in the garden were found on bills addressed to Neil's Market that apparently had been scattered on the floor by the burglars. Three pieces of ham and three partially empty cartons of milk were found directly outside the back door.

Defendant and two other men were seen by police officers in St. Louis early the next morning walking away from a parked car. All three were carrying cartons of cigarettes but dropped them and ran when they noticed the police car. They were apprehended a short distance away and a search of the trunk of the parked car turned up 64 additional cartons and 200 loose packs of cigarettes. The officers found camera film later identified by the owner of Neil's Market as having been part of his stock at one time. There were several pairs of women's nylon stockings, three pairs of gloves, screw drivers, an open-end wrench; there was a bill addressed to Neil's Market similar to those scattered on the floor of the market.

The owner of Neil's Market was unable at trial to identify the cigarettes as those stolen, was unable to say the film had been stolen instead of purchased or to say that the bill had been among the other bills that had been dumped on the floor of the market during the burglary. The State showed, however, that the tread on a pair of boots defendant was wearing when arrested had the same size, design and shape as the footprints found on the bills discovered on the floor of the market and also were similar to the prints found in the garden at the rear of the market.

■ To sustain a conviction on circumstantial evidence "the facts and circumstances relied upon by the State to establish guilt must not only be consistent with each other, and with the hypothesis of defendant's guilt, but they must also be inconsistent and irreconcilable with his innocence, and must point so clearly and satisfactorily to guilt as to exclude every reasonable hypothesis of innocence." State v. Bates, 439 S.W.2d 161 (Mo.1969); State v. Phillips, 452 S.W.2d 187 (Mo.1970) and State v. Aquilar, 429 S.W.2d 754 (Mo. 1968). Defendant now contends the State

failed to meet this burden since (1) there was no evidence defendant was acting in concert with anyone shown to have committed the offense; (2) there was no evidence defendant was in possession of recently stolen property so as to raise a presumption of guilt; (3) there was no evidence the items recovered were stolen from Neil's Market and (4) there was no evidence placing defendant and his companions at the scene of the crime since the footprints relied upon by the State were at best "ambiguous."

■ Defendant would by this argument have us isolate each separate fact or circumstance introduced by the State to determine whether it alone would support the conviction. We might well conclude no one fact or circumstance raises more than a suspicion of defendant's guilt were we to narrow our examination as defendant suggests. State v. Bunton, 453 S.W.2d 949 (1970). This approach however would cast an undue burden of proof on the State and ignore the established rule that a conviction is warranted if the State shows a chain of connected and interdependent circumstances which, taken as a whole, preclude any reasonable theory of defendant's innocence. State v. Cobb, 444 S.W.2d 408 (Mo.1960); State v. Chase, 444 S.W.2d 398 (Mo.1969); State v. Irby, 423 S.W.2d 800 (Mo.1968); State v. Castaldi, 386 S.W.2d 392 (Mo.1965); and State v. Ramsey, 368 S.W.2d 413 (Mo.1963). This means a conviction by circumstantial evidence may rest upon accumulated facts, no one of which creates more than a suspicion of guilt. We need not therefore consider defendant's separate attacks on the evidence.

■ The question to be decided is whether the State has presented sufficient evidence from which a jury might reasonably infer defendant was guilty. We hold the State has forged a chain of events upon which it would be reasonable for a jury to base a conclusion of guilt. There were three participants in the burglary of Neil's Market. One wore boots of an identical size and tread design as those worn by defendant when arrested. Defendant and his companions were found on the night of the burglary to be in possession of cigarettes similar in quantity to those stolen and he and his companions were in possession of other goods linked to Neil's Market. Proof of any form of active participation will suffice to establish defendant's criminal agency. State v. Butler, 310 S.W.2d 952 (Mo.1958).

We hold the State has met its burden of proof. Compare State v. Boothe, 364 S.W.2d 569 (Mo.1963).

Judgment affirmed.

DOWD, C. J., and McMILLIAN, J., concur.