## STATE of Missouri, Respondent,

v.

## Walter Eugene MORSE, Appellant.

### No. 35169.

Missouri Court of Appeals,
St. Louis District,
Division Two.

Dec. 11, 1973.

John C. Danforth, Atty. Gen., G. Michael O'Neal, Walter W. Nowotny, Jr., Asst. Attys. Gen., Jefferson City, Zane White, Pros. Atty., Rolla, for respondent.

John L. Woodward, Steelville, for appellant.

CLEMENS, Acting Presiding Judge.

Defendant appeals from a felony conviction for stealing in violation of § 560.156, RSMo. 1969, V.A.M.S. He was found guilty of stealing doors, windows and miscellaneous building materials from a construction site, fined $500 and sentenced to one year in jail. Defendant contends his conviction must be reversed because the state failed to make a submissible case. We agree and reverse.

■ On September 29, 1971 Harold Waldron, a building contractor, discovered windows and a door had been removed from a house he was building. Waldron notified authorities and aided in searching for clues. At the rear of the house near the patio door they discovered freshly made tire tracks from a small dual-wheeled truck. The tread design of the tires was readily distinguished in the soft ground. A photograph of the tire treads on defendant's truck compared to those of the tread marks made at the scene of the theft. The state's expert witness testified the tread design in the tracks at the scene and the photographs of the tires from appellant's truck were the same. On the day after the theft defendant was asked about the use and location of his truck the night before; he said the truck was in his possession and he was the only one who operated it.

The stolen materials were never discovered and the state had no further evidence to establish its case. Defendant offered no evidence.

Viewed most favorably to the state, its evidence showed only that the defendant and his truck were at the construction site some time before, during or after the time the goods were taken.

■ In a circumstantial evidence case, facts and circumstances relied upon must not only be consistent with each other and with the hypothesis of defendant's guilt but they must point so clearly and satisfactorily to his guilt as to exclude every reasonable hypothesis of innocence. State v. Walker, 365 S.W.2d 597, 601 [5] (Mo. 1963). The fact defendant and his truck had been at the construction site some time

between the time construction was halted and late the next morning when the prosecuting witnesses discovered the tracks is not inconsistent with defendant's innocence. Compare State v. Walker, *supra*; State v. Castaldi, 386 S.W.2d 392 (Mo. 1965). "The rule of law is well established that circumstantial evidence merely showing that the defendant had an opportunity to commit the theft charged and creating a suspicion of guilt without more is insufficient to make a submissible case." State v. Walker, *supra* [6].

The state has cited no case—and we find none—upholding a stealing conviction based solely upon a defendant's presence at the scene of the theft at some indefinite time. To the contrary, see State v. Brown, 462 S.W.2d 766 (Mo.1971). There, defendant was convicted of stealing a TV set from a motel room. The state's evidence showed Brown registered at the motel late at night and was given a key to room 421. The next morning both Brown and the TV were gone and the TV set was never found. The court ruled: "There is no consistent set of circumstances pointing surely to the guilt of the defendant and his conviction cannot be sustained." So it is here.

■ Where a judgment of conviction is reversed, the cause may be remanded if it appears the state is able to produce additional evidence of sufficient probative value. On the present record however there is nothing to indicate the evidence has not been fully developed.

Judgment reversed.

McMILLIAN and GUNN, JJ., concur.