STATE of Missouri, Respondent,

v.

Willie BUSH, Appellant.

No. 37575.

Missouri Court of Appeals,
St. Louis District,
Division Three.

Feb. 15, 1977.

**518**

Robert C. Babione, Public Defender, Charles S. Stone, Asst. Public Defender, St. Louis, for appellant.

John C. Danforth, Atty. Gen., Preston Dean, Asst. Atty. Gen., Jefferson City, Brendan Ryan, Circuit Atty., James F. Booth, Asst. Circuit Atty., St. Louis, for respondent.

PER CURIAM:

Defendant has appealed his conviction for attempted second degree burglary. After verdict the trial court sentenced him to five years' imprisonment.

■ Defendant challenges the sufficiency of the evidence. He did not raise this point in his motion for new trial but it is reviewable under plain error Rule 27.20(c), VAMR.

*State v. Potter,* 530 S.W.2d 268[1] (Mo.App. 1975).

The state's evidence: On July 20, 1975 at 3:20 A.M. police officer White was patrolling the 4200 block of Natural Bridge when he heard a banging sound as he approached the 905 Liquor store. He noticed defendant sitting at a bus stop across the street from the store and as he drove around back he heard defendant yell, "Here come the man." The officer saw a hole had been cut in the store's back wall and people were running away in the alley; he neither apprehended nor identified them. He returned to the street and arrested defendant, who by then was walking west on Natural Bridge.

■ Since the evidence against defendant is circumstantial the facts must be consistent with guilt and inconsistent with any reasonable hypothesis of innocence. *State v. Burnley,* 480 S.W.2d 881[1] (Mo.1972).

■ To sustain defendant's conviction there must be evidence "defendant in some fashion associated himself with the venture or participated in the crime in some manner as something he wished to bring about or to make the offense succeed." *State v. Jackson,* 519 S.W.2d 551[2–9] (Mo.App.1975). Defendant stresses three exculpatory facts in the state's evidence—the attempted burglary was taking place half a block away and out of defendant's view; defendant was not shown to be acquainted or associated with the burglars; and defendant did not flee when officer White went into the alley to investigate. To sustain the conviction the state relies on the single incriminating fact of defendant's words, "Here come the man." So, those words are crucial.

■ To find participation in the crime by an alleged aider or abettor "By far the most important element is the sharing of the criminal intent of the principal, and this is concededly difficult to prove; nevertheless, the Government must prove this sharing of criminal intent." *Snyder v. United States,* 448 F.2d 716[1–2] (8th Cir. 1971). The state argues this intent is found in defendant's role as "lookout," but calling defendant a lookout does not make him one. *United States v. Irons,* 475 F.2d 40 (8th Cir. 1973).

Defendant's words could have warned the burglars of the approaching policeman, but without evidence pointing to his sharing of criminal intent, the words "Here come the man" are ambiguous. Speculatively, defendant might have been a lookout, or he might have been a non-participating bystander who may have hindered the police officer in effecting an arrest, but not all related action by a defendant is tantamount to participation in a crime. In *State v. Taylor,* 542 S.W.2d 91[1] (Mo.App.1976) defendant was seen standing by his car 20 feet away from where his companion was standing inside the screen door of an apartment. As a mailman approached, defendant's companion walked to the car and they drove away. The apartment door was found broken. In reversing, we held there was no active involvement by defendant in the attempted burglary.

This is not a case in which defendant has admitted to involvement in the preparatory stages of the crime, such as in *State v. Hudson,* 508 S.W.2d 707 (Mo.App.1974), nor one in which defendant is shown to have been inside the burglarized store and had stolen items in his possession at the time of arrest. *State v. G'Sell,* 497 S.W.2d 882 (Mo. App.1973).

Bearing in mind that in a circumstantial evidence case the evidence must "'point so clearly to guilt as to exclude every reasonable hypothesis of innocence,'"[1] we must conclude the fact defendant yelled "Here come the man," standing alone, does no more than raise a suspicion of participation. It is insufficient to show he shared in the necessary criminal intent to aid in the burglary. In light of three exculpatory facts that defendant could not see the burglary attempt, did not associate himself with the burglars before or during the burglary attempt, and did not flee when he could have, defendant's words, standing alone, do not exclude a reasonable hypothesis of his innocence of participating in the attempted burglary.

Because there is nothing in the record to indicate the state has other evidence to retry defendant, he is discharged. *State v. Morse,* 503 S.W.2d 450[3] (Mo.App.1973).

Reversed and defendant discharged.

All concur.

---

1. *State v. Taylor,* 542 S.W.2d 91[2–5] (Mo.App.1976).