**STATE of Missouri, Respondent,**

v.

**William Lonell DUDLEY, Appellant.**

**No. WD 31790.**

Missouri Court of Appeals, Western District.

June 2, 1981.

Gary L. Gardner, Kansas City, for appellant.

John Ashcroft, Atty. Gen., Charles R. Miller, Asst. Atty. Gen., Jefferson City, for respondent.

Before PRITCHARD, P. J., and TURNAGE and CLARK, JJ.

CLARK, Judge.

William L. Dudley appeals from a jury verdict finding him guilty of burglary, second degree, and the resulting judgment and sentence of five years. Reversed.

In the early morning hours of September 26, 1978, a police officer was called to respond to an alarm of a burglary at a market. As he approached, the officer observed a man, later identified as the defendant, standing in front of the store entrance. Dudley was crouched over, looking inside the store through a broken glass in the door and, according to the officer, Dudley was moving his hands and his mouth. As the officer stopped his patrol car in front of the store, Dudley turned and, seeing the policeman, began to run.

The officer apprehended Dudley after a short chase and returned to the patrol car to call by radio for assistance. At this point, a second man was seen to jump through the broken window and flee. Dudley took this opportunity to attempt a second escape, but he was recaptured after an even shorter pursuit. The second man, however, made good his escape and he was not thereafter apprehended and was never identified.

Inspection of the burglarized premises confirmed that entry had been accomplished by breaking the glass in the front door which remained bolted. The instrument used to break the door glass was a rock or piece of concrete which was discovered lying inside the door. On the sidewalk near the front door was a box containing

bottles of liquor identified by the owner of the market as of a type similar to merchandise sold in the store. Fingerprints recovered from the liquor bottles and from the door glass were not Dudley's prints.

The principal and dispositive point on this appeal is the contention that the evidence failed to link Dudley with the actual perpetrator of the burglary and thus was insufficient to support the charge and conviction based on concerted action between Dudley and the unidentified person who fled and avoided capture.

■ When the state's case rests on circumstantial evidence, a somewhat higher standard as to the burden of proof is required. *State v. McIntosh,* 559 S.W.2d 606, 608 (Mo.App.1977). The evidence need not be absolutely conclusive of guilt or demonstrate the impossibility of innocence, *State v. Morgan,* 592 S.W.2d 796, 805 (Mo. banc 1980), *vacated on other grounds,* —— U.S. ——, 101 S.Ct. 56, 66 L.Ed.2d 12 (1980); *State v. Lumsden,* 589 S.W.2d 226, 227 (Mo. banc 1979), *cert. denied,* 446 U.S. 984, 100 S.Ct. 2967, 64 L.Ed.2d 841 (1980); but it is the state's burden to forge each link in the chain of proof, and not the duty of the defendant to break the chain of circumstantial evidence in order to be entitled to an acquittal. *State v. Irby,* 423 S.W.2d 800, 802 (Mo.1968).

■ Articulation of the standard of proof by circumstantial evidence in criminal cases frequently cites and relies on *State v. Franco,* 544 S.W.2d 533 (Mo. banc 1976), *cert. denied,* 431 U.S. 957, 97 S.Ct. 2682, 53 L.Ed.2d 275 (1977); and, more recently, *State v. Biddle,* 599 S.W.2d 182 (Mo. banc 1980). Paraphrased, the holdings in these cases require of circumstantial evidence that the facts must be consistent with each other and with the hypothesis of guilt, they must be inconsistent with innocence and they must preclude a reasonable hypothesis of innocence.

■ Presence of the defendant at the scene of the crime and his flight may be considered as indicia of guilt and will support conviction when coupled with other circumstantial evidence showing active participation in the offense, *State v. Simmons,* 494 S.W.2d 302, 305 (Mo.1973); *State v. Harris,* 602 S.W.2d 840, 845 (Mo.App.1980); but mere presence at the scene plus flight therefrom will not sustain the conviction without the evidence of some active participation in the offense. *State v. Arnold,* 566 S.W.2d 185, 189 (Mo. banc 1978); *State v. Clark,* 596 S.W.2d 747, 751 (Mo.App.1980).

In *State v. Taylor,* 542 S.W.2d 91 (Mo. App.1976), the defendant was seen standing near his car in a residential neighborhood while a companion was inside the screen door of an apartment. Apparently apprehensive of observation by a mailman, defendant and his companion left in defendant's car. A short time later, the two were arrested on the basis of the description supplied by the mailman. Inspection of the apartment door showed pry marks and a broken lock. A screwdriver and a crowbar were found lying on the floor of defendant's car. The evidence was held insufficient to sustain a conviction of attempted burglary because there was no proof of defendant's active involvement, only his presence at the scene.

In *State v. Castaldi,* 386 S.W.2d 392 (Mo. 1965), the defendant was discovered in a wooded area standing by while two other individuals were cutting up a stolen car with torches. While the police were conducting a search of the general area, the defendant fled in a car belonging to one of those engaged in the cutting operation. Defendant was arrested later, acknowledged that the men observed at work on the car with the acetylene torch were his companions and gave an implausible account of what had occurred. In holding the evidence insufficient to convict the defendant of tampering with a motor vehicle, the opinion concluded that the state's burden had not been met by showing presence at the scene, opportunity to commit the crime, suspicious circumstances and flight. The evidence lacked the necessary element of establishing defendant's affirmative participation.

*State v. Bush,* 547 S.W.2d 517 (Mo.App. 1977) originated on facts somewhat in com-

mon with facts of the present case. There, a police officer in the early morning hours heard a banging noise as he approached a liquor store. The defendant, who was across the street from the store, yelled, "Here come the man," when he saw the officer. Inspection revealed that a hole had been cut in the store's back wall and those who apparently were engaged in the burglary fled down an alley. They were neither apprehended nor identified. When the officer returned to the street, the defendant had left but he was arrested a short distance away. Aside from the presence at the scene and suspicious circumstances, the only evidence which tended to implicate Bush in the burglary was his shouted warning which the state contended was sufficient to brand Bush as the "lookout." The court rejected the contention and held the evidence deficient stating, "Speculatively, defendant might have been a lookout, or he might have been a non-participating bystander who may have hindered the police officer in effecting an arrest, but not all related action by a defendant is tantamount to participation in a crime." *State v. Bush, supra* at 519. The shouted warning, standing alone, did no more than raise a suspicion of participation.

█ In the present case, no evidence actually demonstrated that Dudley had associated himself with the burglary or with the unidentified culprit or that Dudley had participated in the crime. In contrast to *State v. Burnley*, 480 S.W.2d 881 (Mo.1972) cited by the state, where the defendant, although outside the burglarized building, was inside a fenced area to which access had been gained by breaking a locked gate, Dudley was on a public sidewalk where he had a right to be. The only evidence relied on to show that Dudley was an active participant in the burglary was the movement of his arms and lips, evidence much less persuasive than the shouted warning held to be insufficient in *State v. Bush, supra*. Moreover, the lip and arm movements have probative value only by attribution of compounded inferences. The first inference is that the movements conveyed some message or signal, and the second is that the

import of the communication was in furtherance of the crime then in progress.

The deficiency in the state's case is that the evidence is neither inconsistent with nor does it preclude a reasonable hypothesis of innocence. On an equal basis with the state's charge of Dudley's implication in the burglary, the same facts may be construed as showing that Dudley was a passerby on the sidewalk who noticed the broken door glass and the carton of liquor bottles on the sidewalk and stopped to investigate. At the time, Dudley was on parole after a prior conviction, a circumstance explanatory of his flight from the location of an apparent burglary when the police car came upon the scene. The evidence simply fails of the essential element necessary to show any active participation by Dudley in the crime.

The state cites *State v. Jackson*, 519 S.W.2d 551 (Mo.App.1975) as authoritative in the situation where, as here, the defendant's presence at the scene is coupled with accumulated, interdependent facts sufficient to show by circumstantial evidence that defendant was inferentially active in commission of the offense. The case is distinguishable.

In *Jackson*, a police officer observed two men run from business premises to which the officer had responded at night in response to an alarm. A third man, apparently unaware of the officer's presence, came around the building carrying a box which he placed on the door ledge of a nearby car. A fourth man was pushing another box through a window of the building. Through a radio check, the car in which the stolen goods were being placed was found to be registered to the defendant. The officers went to defendant's house, found him to be sweating heavily and breathing hard. Defendant was identified by the original officer as one of the two men he saw run from the burglarized building. Affirmance of the conviction, while resting on circumstantial evidence, was based on proof that defendant not only was at the scene of the crime and had the opportunity for participation, but fled leaving his own automo-

bile in which the stolen property had been placed. No proof of any comparable substance was offered or available in the present case.

This case is controlled by the principles announced in *Taylor, Castaldi* and *Bush, supra* and the conviction must be reversed because there was no evidence upon which a jury could legitimately determine that the state demonstrated Dudley's guilt beyond a reasonable doubt.

Judgment reversed and defendant ordered discharged.

All concur.