**STATE of Missouri, Respondent,**

v.

**Cortez BERRYHILL, Appellant.**

**No. 44382.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Feb. 23, 1982.

Lawrence J. Gordon, Clayton, for appellant.

John Ashcroft, Atty. Gen., Jefferson City, for respondent.

CLEMENS, Senior Judge.

A jury found defendant Cortez Berryhill guilty of attempted first-degree burglary of Cornell Harvey's home. This is a Class B felony under Section 569.160.1.(3) and 564.011.2, RSMo. 1978. The court sentenced defendant as a persistent offender to five years in prison. He appeals, challenging sufficiency of the evidence.

Under the attempt statute a person is guilty when he does any act which is a substantial step toward committing the offense. The statute defines "substantial step" as "conduct which is strongly corroborative of the firmness of the actor's purpose to complete the commission of the offense".

The state's evidence: Home owner Cornell Harvey was at home in the morning when he noticed two men later identified as defendant Berryhill and accomplice Kelvin Tate walking along the street looking at houses. The two men circled the home and climbed a four-foot fence to enter Mr. Harvey's backyard. They withdrew for a while but again climbed the fence. Tate then opened a back screen and tried to open the door. Meanwhile Mr. Harvey saw defendant Berryhill peering into a bedroom window. He next saw the two men talking in the yard. Meanwhile police had responded to Mr. Harvey's call. Seeing this, both intruders jumped back over the fence and ran. Police found defendant hiding in bushes; he resisted arrest but was returned to the house and identified by Mr. Harvey.

As said, defendant contends the evidence was insufficient to show an attempted burglary; this because there was nothing to infer defendant's intent to commit a crime inside the house.

■ Intent to burglarize the Harvey home must of necessity be shown circumstantially. The requisite intent may be proven by circumstances consistent with guilt and inconsistent with innocence.

*State v. Cameron*, 604 S.W.2d 653 [29, 30] (Mo.App.1980) and *State v. Bush*, 547 S.W.2d 517[2] (Mo.App.1977). But those circumstances need not be absolutely conclusive of guilt. *State v. Puckett*, 611 S.W.2d 242[5] (Mo.App.1981).

■ A burglary conviction may be upheld on accumulated facts no one of which alone creates more than a suspicion of guilt. *State v. Jackson*, 519 S.W.2d 551[2–9] (Mo.App.1975). A defendant's presence at a crime and his flight therefrom are relevant circumstances on the issue of his intent to commit a crime. *State v. Castaldi*, 386 S.W.2d 392[1–5] (Mo.1965). And, in *State v. Medley*, 588 S.W.2d 55[4–7] (Mo.App.1979) we held unexplained flight indicates a feeling of guilt and is a relevant factor bearing on crime.

■ Applying these principles to the recited facts we deny defendant's challenge to sufficiency of the evidence. Compare the attempted burglary cases in *State v. McBride*, 438 S.W.2d 222[3–6] (Mo.1969) and *State v. White*, 439 S.W.2d 752[5, 6] (Mo.1969).

Affirmed.

REINHARD, P.J., and SNYDER and CRIST, JJ., concur.