**STATE of Missouri, Respondent,**

v.

**Kenneth Vail NIXON, Appellant.**

**No. WD 32794.**

Missouri Court of Appeals, Western District.

April 27, 1982.

William M. Barvick, Jefferson City, for appellant.

John Ashcroft, Atty. Gen., Theodore A. Bruce, Asst. Atty. Gen., Jefferson City, for respondent.

Before NUGENT, P. J., and TURNAGE and LOWENSTEIN, JJ.

TURNAGE, Judge.

Kenneth Nixon was found guilty by a jury of attempted burglary in the second degree, § 564.011, RSMo 1978, and the jury assessed punishment at one year in the county jail. On finding Nixon to be a persistent offender, the court increased the punishment to four years in the custody of the Department of Corrections with the sentence to run concurrent to a three-year sentence which Nixon was serving at the time of sentencing in this case.

On this appeal Nixon contends the evidence was insufficient to support the finding of guilt by the jury. Reversed.

About 2:45 A. M. on September 25, 1980, the alarm system installed in First Baptist Church in Jefferson City was activated, and a light flashed on in the control room of the alarm company. The police department was notified and an officer testified that he arrived at the church in about fifteen seconds after receiving the call. When the officer arrived at the church, he flashed his light along the church and noticed a window just above ground level had been broken. When the officer examined the scene, he noticed glass under the window on the outside of the building and also glass about five feet east of the window.

Also, about five feet east of the window there was an alcove in the building which provided a space about ten feet long and three feet wide. The officer flashed his light into this space and observed Nixon crouched down at the back facing the street. Nixon had a half-filled bottle of wine in one hand and a half-filled bottle of vodka in the other. The officer stated Nixon had been drinking but did not appear to be particularly intoxicated. Nixon was immediately placed under arrest and charged with attempted burglary.

The State concedes that the above facts are the only facts which would support Nixon's conviction. Other evidence indicated that the window had not been broken at about 8:00 P. M. on the previous evening. Investigation inside the church revealed no one present and only a small amount of glass on the floor beside the broken window.

In *State v. Dudley*, 617 S.W.2d 637 (Mo. App.1981) this court thoroughly discussed the rules applicable to the review of this case and to the sufficiency of the evidence to prove participation by one found near the scene of a crime. There is no need to repeat all of those rules. For the reasons set out in *Dudley*, which had stronger facts linking the defendant with the crime than those in this case, the evidence here is insufficient to show that Nixon participated in the crime. The only evidence in this case is that Nixon was near the scene of the crime.

The judgment is reversed and Nixon is ordered discharged from custody under the judgment in this case.

All concur.