**Darrell F. VERKLER, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 48905.**

Missouri Court of Appeals,
Eastern District,
Division Three.

April 2, 1985.

Motion for Rehearing and/or Transfer to
Supreme Court Denied
July 12, 1985.

Laurence G. Schmidt, Hillsboro, for appellant.

William L. Webster, Atty. Gen., Gary L. Gardner, Asst. Atty. Gen., Jefferson City, for respondent.

CLEMENS, Senior Judge.

Movant-defendant Darrell F. Verkler has appealed the post-hearing denial of his Rule 27.26 motion. Previously, he had been charged with and pled guilty to first degree burglary; as a previous offender he was sentenced to 15 years in prison.

Defendant admits he forcibly broke into the occupied dwelling. He contends that while drinking he had learned the dwelling housed antique cars; curious, he broke into the garage to look at the cars and was doing so when arrested. Inside the garage were several antique cars, numerous tools and household items. He denied any crime while inside the dwelling.

After a hearing on his motion the court found movant was not a credible witness, that his guilty plea answers conflicted with his motion testimony, and therefore movant had not met his burden to clearly show he was entitled to relief, as required by *McLallen v. State*, 543 S.W.2d 813[2–4] (Mo.App.1976).

Here defendant contends the guilty plea record failed to show the essential element of intent to commit a crime after his forcible entry.

In *State v. Lawrence*, 566 S.W.2d 243[6–8] (Mo.App.1978) we tersely stated intent to steal was shown when accused broke into a building containing things of value.

Defendant's contention is refuted by *State v. Berryhill*, 673 S.W.2d 444[1–3] (Mo.App.1982). There defendant contended there was no evidence showing intent to commit a crime. We held burglarious intent "must of necessity be shown circumstantially." Continuing we ruled:

"Intent to burglarize ... must of necessity be shown circumstantially. The requisite intent may be proven by circumstances consistent with guilt and inconsistent with innocence ... But those circumstances need not be absolutely conclusive of guilt.... A burglary conviction may be upheld on accumulated facts no one of which alone creates more than a suspicion of guilt."

We ruled in *McLaurin*, 673 S.W.2d 445 (Mo.App.1982):

"Since intent is a state of mind, there is no direct proof of it. Thus the rule is that intent may be inferred from the circumstances ... and becomes a a question of fact for the jury."

Affirmed.

CRIST, P.J., concurs.

CRANDALL, J., concurs in separate opinion.

CRANDALL, J., concurring.

I concur in the result reached by the majority. I agree that there was a sufficient factual basis in the record to circumstantially infer the elements of the offense. Although movant denied his guilt, his plea of guilty was valid under the standards of *North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970). Movant, who had prior felony convictions, was charged with a "caught inside" burglary. Faced with strong evidence of guilt and a shaky defense, he pled guilty after an extensive delineation of his rights by the trial

judge. He made a voluntary choice of the alternatives then available to him and decided a plea of guilty was in his own best interest. *See Small v. State*, 646 S.W.2d 903 (Mo.App.1983). His plea of guilty was, therefore, not involuntary.