Cynthia L. Martin, Judge
Charles Thompson ("Thompson") appeals from the trial court's judgment convicting him of burglary in the first degree. Thompson claims that the evidence was insufficient to support his conviction. Thompson also claims that the trial court committed plain error by failing to grant him allocution before pronouncing sentence. Finding no error, we affirm.
Factual and Procedural Background[1]
On Saturday, February 14, 2015, Thompson drove to Jefferson City with a *392 female acquaintance. The couple stayed at an apartment belonging to Thompson's friend. At some point on Saturday, Thompson took a gun from an upstairs closet.
On Sunday morning, Thompson left the apartment and met with Vincent Smith ("Smith"). Thompson and Smith talked about "going to take something from someone." Thompson and Smith decided to take drugs from Johnny Evans ("Evans"). Thompson and Smith knew that Evans would have drugs and money based on conversations with people in the neighborhood.
Thompson and Smith asked Robert Burks ("Burks") for a ride to East High Street, where Evans lived. Thompson and Smith told Burks that they were going to East High Street to "get a lick off some weed." A "lick" refers to obtaining drugs or money illegally. Burks drove Thompson and Smith to East High Street.
Thompson and Smith exited Burks's car and headed toward Evans's apartment. Burks saw Thompson pull a gun from his pocket. Thompson and Smith approached the backdoor of Evans's apartment. Smith kicked in the back door, and the two men entered. Smith testified that he and Thompson entered Evans's apartment to take drugs and money.
Thompson and Smith found Evans lying on a couch in his living room. Thompson and Smith asked Evans for drugs. Evans said that he did not know what they were talking about. Smith began looking around the living room, and then heard a gunshot. Smith looked up and saw Thompson holding a gun. Thompson fired another shot, which Smith saw hit Evans. Thompson and Smith fled the apartment, and left the scene in Burks's car. Evans later died.
The State charged Thompson with murder in the second degree, burglary in the first degree, attempted robbery in the first degree, and armed criminal action. The jury found Thompson guilty of burglary in the first degree. The jury acquitted Thompson on the other charges. Thompson waived jury sentencing. Prior to his sentencing hearing, Thompson filed a motion for new trial.
At the sentencing hearing, the trial court asked defense counsel if he would like to make additional argument regarding the motion for new trial. Defense counsel advised that he would stand on the motion. The trial court then stated that it had reviewed Thompson's motion for new trial, and denied the motion. The trial court then heard counsel's arguments regarding sentencing before imposing a sentence of fifteen years' imprisonment.[2]
This timely appeal follows.
Analysis
Thompson asserts two points on appeal. In his first point, Thompson argues that there was insufficient evidence to support his conviction of burglary in the first degree because there was insufficient evidence that he had the intent to steal at the time he unlawfully entered Evans's apartment. In his second point, Thompson contends that the trial court plainly erred by failing to grant him allocution before pronouncing his sentence.
Point One
Thompson's first point on appeal argues that there was insufficient evidence to support his conviction of first-degree burglary. We disagree.
*393 "Appellate review of sufficiency of the evidence is limited to whether the State has introduced adequate evidence from which a reasonable finder of fact could have found each element of the crime beyond a reasonable doubt." State v. Lammers , 479 S.W.3d 624, 632 (Mo. banc 2016). In reviewing the sufficiency of the evidence, the appellate court "considers all evidence in the light most favorable to the verdict and grants the State all reasonable inferences." Id. "Contrary evidence and inferences are disregarded." Id. However, the appellate court "will not supply missing evidence or grant the State unreasonable, speculative, or forced inferences." Id.
"A person commits the crime of burglary in the first degree if he knowingly enters unlawfully ... in a building or inhabitable structure for the purpose of committing a crime therein, and ... while in the building or inhabitable structure ... [t]here is present in the structure another person who is not a participant in the crime." Section 569.160.1(3).[3] Here, the State's indictment alleged that Thompson unlawfully entered Evans's apartment "for the purpose of committing stealing therein." Consistent with the indictment, the verdict director tendered for burglary in the first degree required the jury to find that Thompson unlawfully entered Evans's apartment "for the purpose of committing the crime of stealing." The verdict director instructed the jury that "[a] person commits the crime of stealing if he appropriates property of another with the purpose to deprive him thereof without his consent."
Here, Thompson concedes that the evidence was sufficient to permit the jury to conclude beyond a reasonable doubt that he unlawfully entered Evans's apartment while Evans was present. He challenges, however, the sufficiency of the evidence to establish that he did so for the purpose of committing the crime of stealing. Thompson concedes that the evidence was sufficient to permit the jury to conclude that he was "present for discussions about Mr. Smith's plan to 'get a lick off some weed' and when Mr. Smith admittedly entered Mr. Evans'[s] apartment with a purpose to take drugs and money." Thompson nonetheless argues that although these facts "could impute to [him] some nebulous awareness of a general plot to steal something from [Evans], they cannot further ascribe to Mr. Thompson the very specific intent to deprive Mr. Evans of his property." Thompson argues that it would be impermissibly speculative to infer from Smith's testimony that Thompson had the required specific intent to steal.
Thompson's argument improvidently suggests that the subjective intent of a defendant requires proof by direct evidence. To the contrary, "[b]ecause the subjective intent of a defendant can rarely be established by direct evidence, intent may be proven by circumstantial evidence." State v. Holbruck , 410 S.W.3d 239, 242 (Mo. App. W.D. 2013). The necessary intent may be " 'inferred from surrounding facts' such as the 'defendant's conduct before the act, from the act itself, and from the defendant's subsequent conduct.' " State v. Reed , 402 S.W.3d 146, 151 (Mo. App. W.D. 2013) (quoting State v. Chambers , 998 S.W.2d 85, 90 (Mo. App. W.D. 1999) ).
Here, before Thompson unlawfully entered Evans's apartment, he spoke with Smith about taking something from someone. Thompson did so after retrieving a *394 gun from another person's closet. Thompson and Smith collectively agreed to try to take something from Evans, who they believed to have drugs and money. Thompson and Smith solicited Burks to drive them to Evans's apartment. Thompson told Burks they needed a ride because they intended to "get a lick," a reference to illegally obtaining drugs or money from someone. After being driven to Evans's apartment by Burks, Thompson and Smith exited Burks's car, and forced their way into Evans's back door. Before doing so, Burks saw that Thompson had a gun. Smith testified at trial that he and Thompson entered Evans's apartment for the purpose of taking drugs and money from Evans. Though Thompson contends that Smith's testimony about specific intent cannot be imputed to him (a contention with which we disagree), even disregarding Smith's testimony about intent, the evidence was more than sufficient to permit the jury to reasonably infer that Thompson had the purpose to deprive Evans of his property without his consent.
Point One is denied.
Point Two
In his second point on appeal, Thompson argues that the trial court failed to grant him allocution before imposing sentence. Thompson admits that this claim of error was not first raised with the trial court, and is eligible for no more than plain error review on appeal. State v. Baumruk , 280 S.W.3d 600, 607 (Mo. banc 2009) ("Issues that were not preserved may be reviewed for plain error only...."). "Review for plain error involves a two-step process." Id. First, the appellate court must determine "whether the claim of error 'facially establishes substantial grounds for believing that manifest injustice or miscarriage of justice has resulted.' " Id. (quoting State v. Brown , 902 S.W.2d 278, 284 (Mo. banc 1995) ). Second, if the appellate court finds plain error, then the court must determine "whether the claimed error resulted in manifest injustice or a miscarriage of justice." Id. at 607-08 (quoting State v. Scurlock , 998 S.W.2d 578, 586 (Mo. App. W.D. 1999) ).
Rule 29.07(b)(1)[4] describes the procedure for allocution and sentencing in pertinent part as follows:
When the defendant appears for judgment and sentence, he must be informed by the court of the verdict or finding and asked whether he has any legal cause to show why judgment and sentence should not be pronounced against him.... If the defendant has been heard on a motion for new trial, and in all cases of misdemeanor, the requirements of this subparagraph are directory and the omission to comply with them shall not invalidate the judgment or sentence.
The State concedes that prior to the imposition of sentence, Thompson was not asked whether he had any legal cause to show why judgment and sentence should not be pronounced against him. However, as Rule 29.07(b)(1) states, its requirements are merely directory "[i]f the defendant has been heard on a motion for new trial."
Thompson argues that although he filed a motion for new trial, he was not "heard" on the motion for new trial because no additional argument was made on the record before the motion was ruled. Thompson points to State v. Taylor , 466 S.W.3d 521, 534 (Mo. banc 2015), where our Supreme Court held that a defendant *395 was heard on a motion for new trial when a motion for new trial was filed and additional arguments were made on the record before that motion was ruled.
Taylor did not hold, however, that a defendant is heard on a motion for new trial for purposes of Rule 29.07(b)(1) only if the defendant in fact makes additional arguments on the record regarding the motion before it is ruled.[5] The purpose of allocution is to afford a defendant an opportunity to address the court about legal infirmities the defendant believes impede the pronouncement of judgment and sentence. See State v. Johnson , 245 S.W.3d 288, 296 (Mo. App. W.D. 2008) ; State v. Athanasiades , 857 S.W.2d 337, 343 (Mo. App. E.D. 1993). That purpose is served when a defendant in fact makes additional argument regarding a motion for new trial before it is ruled. That purpose is also served when a defendant is given the opportunity to make additional argument regarding a motion for new trial before it is ruled, but declines to do so. See State v. Scott , 621 S.W.2d 915, 918 (Mo. 1981) (holding that a defendant was " 'heard' on his motion for new trial within the meaning and intent of Rule 29.07(b)(1)" where "the record shows that the motion was considered and acted upon, and that counsel for [the defendant] was present at the time and place and remained silent[,]" having neither "requested an evidentiary hearing or an opportunity to present oral argument on the motion for new trial"). Here, Thompson was given the opportunity to make additional argument regarding his motion for new trial before it was ruled. Thompson's counsel declined to do so, and instead stood on the written motion. Thompson was heard on his motion for new trial within the meaning of Rule 29.07(b)(1).
The trial court committed no error, plain or otherwise, in imposing sentence without expressly inquiring whether Thompson had any legal cause to show why judgment and sentence should not be pronounced because Thompson was heard on his motion for new trial.[6]
Point Two is denied.
*396 Conclusion
The judgment of the trial court is affirmed.
All concur

"On appeal from a jury-tried case, we view the facts in the light most favorable to the jury's verdict." State v. Rice , 504 S.W.3d 198, 200 n.3 (Mo. App. W.D. 2016).

At the same hearing, the trial court also sentenced Thompson on separate crimes not related to this appeal.

All statutory references are to RSMo 2000 as supplemented through the date of Thompson's offense unless otherwise indicated.

All references to rules are to Missouri Court Rules, Volume I-State, 2017 unless otherwise noted.

In State v. Taylor , unlike in the instant case, the trial court did, in fact, ask the defendant and his counsel on the record whether they had legal cause to show why judgment and sentence should not be pronounced. 466 S.W.3d 521, 527 (Mo. banc 2015). The allocution issue in Taylor was a result of the fact that the trial court had a practice of advising defense counsel of the sentence it was leaning toward imposing in advance of the sentencing hearing, so counsel could prepare the defendant. Id. at 527, 532-33. The defendant in Taylor argued that this practice deprived him of allocution, as the sentencing decision was made, and effectively announced, before the defendant was asked whether there was legal cause why judgment and sentence should not be entered or otherwise heard on his motion for new trial. Id. at 532-33.

In the argument portion of his Brief, Thompson also argues that "the trial court interrupted [defense] counsel's acknowledgment of the numerous persons whom [sic] had come to the hearing for the express purpose of lending support for Mr. Thompson, which ostensibly encompassed giving testimony on his behalf." Thompson argues that allocution requires affording a defendant "a meaningful opportunity to offer mitigating evidence, including that from ... character and support witnesses." In Taylor , the Supreme Court suggested that a defendant's right to allocution includes "a meaningful opportunity to present mitigating evidence." 466 S.W.3d at 534. However, Taylor expressly held that where a defendant is heard on a motion for new trial, a "trial court [is] not mandated by Rule 29.07(b)(1) to allow [the defendant] ... an opportunity to present mitigating evidence." Id. We have concluded that Thompson was heard on his motion for new trial. More to the point, though Thompson's counsel argued leniency before sentence was imposed, and in the process of doing so, mentioned persons in the courtroom who were supportive of Thompson, he never asked for the opportunity to present testimony from those persons. Thompson's argument that allocution requires affording a defendant the opportunity to offer mitigation testimony from character and supportive witnesses raises a hypothetical issue we need not address.