

# In the
# Missouri Court of Appeals
## Western District

| | | |
|---|---|---|
| **STATE OF MISSOURI,** | ) | |
| | ) | |
| **Respondent,** | ) | **WD86836** |
| | ) | |
| **V.** | ) | **OPINION FILED:** |
| | ) | **JANUARY 28, 2025** |
| **TIMOTHY LEE TODD, JR.,** | ) | |
| | ) | |
| **Appellant.** | ) | |

**Appeal from the Circuit Court of Cole County, Missouri**
The Honorable Cotton Walker, Judge

Before Division Four: Anthony Rex Gabbert, Chief Judge, Presiding, Cynthia L. Martin, Judge and Gary D. Witt, Judge

Timothy Lee Todd, Jr. ("Todd") appeals from the trial court's judgment convicting him of the class C felony of attempted burglary in the first degree in violation of section 569.160.[1] Todd challenges the sufficiency of the evidence to support the conviction, asserting that the State's evidence failed to establish beyond a reasonable doubt that Todd attempted to enter the victim's home with the intent to commit a crime therein. Finding no error, we affirm.

---

[1]All statutory references are to RSMo 2016 as supplemented through August 24, 2022, unless otherwise indicated.

**Factual and Procedural History**[2]

During the early afternoon of August 24, 2022, B.W. ("Victim") was making popcorn in her Jefferson City home when she saw a stranger standing on the home's deck. Victim walked to the home's glass back door, through which a person on the deck could observe her 42-inch television, to investigate. She saw Todd crouching on his knees and looking under a glider on the deck. Victim knocked on the door to get Todd's attention. Todd looked up, saw Victim, and ran toward the door. Todd then started banging on the glass with his fists and kicked the door. Victim backed away from the door, grabbed her cell phone to dial 911, and went to the home's basement. The 911 operator informed Victim that a police officer was nearby. While waiting for a police officer to respond, Victim remembered that she was making popcorn, and went back upstairs to turn off the stovetop. Victim stopped on the stairs. Victim did not hear anything, so she went to the kitchen and turned off the stovetop. Victim looked out the back door and saw that Todd was still on the deck, standing with his back to her.

Two Jefferson City Police Department officers were separately dispatched in response to Victim's 911 call. One of the officers responded directly to Victim's home. That officer observed handprints on the door's glass as well as a shoe print, and noticed that items of value could be seen from the deck. The other officer saw Todd near

---

[2]"To determine whether the evidence presented was sufficient to support a conviction and to withstand a motion for judgment of acquittal, this Court does not weigh the evidence but, rather, accepts as true all evidence tending to prove guilt together with all reasonable inferences that support the verdict, and ignores all contrary evidence and inferences." *State v. Gash*, 675 S.W.3d 733, 735 n.2 (Mo. App. W.D. 2023) (quoting *State v. Naylor*, 510 S.W.3d 855, 858-59 (Mo. banc 2017)).

Victim's home. Todd matched Victim's description of the man who had been on her deck. The officer recognized Todd because he had given Todd a ride to Victim's neighborhood earlier that morning after Todd was released from a hospital. The officer spoke with Todd, and observed that Todd appeared to be under the influence of a controlled substance. After arresting Todd, the officer transported Todd to a hospital. Todd told hospital staff that he had consumed methamphetamine and heroin that day. The hospital staff determined Todd to be fit for confinement, and Todd was transported to the Cole County Jail.

The State charged Todd via information with a single count of the class C felony of attempted burglary in the first degree in violation of section 569.160. The information alleged:

> [O]n or about August 24, 2022, . . . [Todd] knowingly kicked the storm door to [Victim's] house . . . and continued trying to open the door while [Victim] was therein, and such conduct was a substantial step toward the commission of the offense of burglary in the first degree . . . , and was done for the purpose of committing such burglary.

The information further alleged that the offense was eligible for enhanced sentencing because Todd is a prior offender pursuant to section 558.016 and a persistent offender pursuant to sections 558.016 and 557.036.

A bench trial took place on September 5, 2023. The trial court found Todd to be a persistent offender beyond a reasonable doubt based on certified records that established Todd had been found guilty of two previously committed crimes. The State presented the testimony of Victim and the two officers who responded to Victim's 911 call, and also submitted an audio recording of Victim's 911 call into evidence. At the close of the

3

State's evidence, Todd filed a motion for judgment of acquittal. Todd's attorney argued that the evidence was insufficient to establish that Todd had "any intent to commit a crime inside of the residence." The State disagreed, arguing that "there's case law in Missouri setting forth the proposition that a defendant's intent to commit a crime can be established by forcible entry into an occupied dwelling in which there are items of value." The trial court denied the motion for acquittal at the close of the State's evidence. The defense then called Todd to testify on his own behalf. Todd testified that he had no intention to commit a crime inside Victim's home, and instead wanted to pass through the home in order to escape "someone chasing [him] with a gun." Todd acknowledged that he had taken both methamphetamine and heroin on August 24, 2022, and that he was likely hallucinating at the time. Todd filed another motion for acquittal at the close of all evidence, which the trial court took under advisement.

On September 11, 2023, the trial court held a hearing to announce that it denied the motion for acquittal filed at the close of all evidence and that it found Todd guilty of attempted burglary in the first degree beyond a reasonable doubt. The trial court sentenced Todd to seven years' imprisonment in the Missouri Department of Corrections, but suspended execution of the sentence in favor of five years' supervised probation. The trial court entered a written judgment ("Judgment") on December 18, 2023.

Todd appeals.

4

**Standard of Review**

We review the sufficiency of the evidence to support a conviction following a bench trial using the same standard as when reviewing a conviction following a jury trial. *State v. Gash*, 675 S.W.3d 733, 736 (Mo. App. W.D. 2023). In determining whether the evidence presented was sufficient for "a rational fact-finder to have found every essential element of the crime charged beyond a reasonable doubt," we "view[] the evidence and all reasonable inferences from the evidence in the light most favorable to the verdict," disregarding all contrary evidence and inferences. *State v. Bumby*, 699 S.W.3d 459, 466 (Mo. App. W.D. 2024). We do not reassess the evidence to determine whether we believe the evidence established guilt beyond a reasonable doubt; instead, we focus on whether "a rational fact-finder could have found the elements of the crime being charged beyond a reasonable doubt." *Id.*

**Analysis**

Todd presents a single point on appeal challenging the sufficiency of the evidence to support his conviction for attempted burglary. Todd asserts that the trial court committed error in overruling his motions for acquittal because the State's evidence "failed to establish beyond a reasonable doubt that . . . Todd attempted to enter [Victim's] home with the specific object to commit a crime." Todd argues that, while the State presumably believed that the object crime was stealing, "there was simply no evidence that this was . . . Todd's purpose in banging on [the] back door, while [Victim] was home and visible, in the middle of the afternoon." Instead, Todd claims, the evidence

5

establishes that Todd was "under the influence of narcotics, paranoid, and out of his mind."

Todd was convicted of attempted burglary in the first degree. A person is guilty of attempt "if, with the purpose of committing the offense, a person performs any act which is a substantial step towards the commission of the offense." Section 562.012.1. A substantial step is statutorily defined as "conduct which is strongly corroborative of the firmness of the actor's purpose to complete the commission of the offense." *Id.*

A person commits the offense of burglary in the first degree if the person "knowingly enters unlawfully . . . an inhabitable structure . . . for the purpose of committing an offense therein, and when in effecting entry . . . [t]here is present in the structure another person who is not a participant in the crime." Section 569.160.1(3). Thus, applicable to this case, proof of attempted burglary in the first degree required evidence establishing beyond a reasonable doubt that Todd: (1) performed an act which is a substantial step toward; (2) a knowing unlawful entry into Victim's home; (3) with an intent to commit an offense therein; when (4) Victim, who was not a participant in the crime, was present in the home. Todd's point on appeal challenges only the sufficiency of the evidence to establish beyond a reasonable doubt that he had an intent to commit an offense inside Victim's home.

To support a conviction for attempted burglary, the State must identify the *particular* offense a defendant intended to commit had the defendant gained access to an inhabitable structure, and must establish that intent beyond a reasonable doubt. *State v. Umfleet*, 621 S.W.3d 15, 24 (Mo. App. E.D. 2021). Direct evidence of a defendant's

6

intent is rarely available and instead may be proven by circumstantial evidence. *State v. Elledge*, 673 S.W.3d 826, 830 (Mo. App. W.D. 2023). "The necessary intent may be inferred from surrounding facts such as the defendant's conduct before the act, from the act itself, and from the defendant's subsequent conduct." *Id.* (quoting *State v. Thompson*, 538 S.W.3d 390, 393 (Mo. App. W.D. 2018)).

Todd relies on our Eastern District's opinion in *Umfleet* to assert that the State presented insufficient evidence to establish beyond a reasonable doubt that Todd had the intent to steal upon entering Victim's home. In *Umfleet*, the State's information charged attempted burglary in the first degree, and alleged that the defendant tried to open a window at the victim's home for the purpose of unlawfully entering the home, and that this was a substantial step toward commission of the offense of burglary in the first degree. 621 S.W.3d at 20. The State's information did not allege that the defendant intended to commit burglary upon unlawfully entering the victim's home. *Id.* The State's evidence and argument at trial also failed to articulate the specific offense, if any, the defendant intended to commit had he gained unlawful entry into the victim's home. *Id.* at 24. On appeal, the State acknowledged "that stealing, the most common intended object offense of burglary, was not necessarily a reasonable inference" based on the evidence, and instead that the defendant's intended offense may have been stalking. *Id.* The Eastern District concluded on this unusual record that the State's evidence was insufficient to establish an intent to commit a specific crime or offense upon entering the victim's dwelling. *Id.* at 26. "[W]here the charged offense requires proof of a specific

7

object offense, we cannot become the State's advocate and supply that specific object offense for the State."  *Id.*

Though Todd does not expressly articulate this argument, his reliance on *Umfleet* implies a belief that the State failed to identify the object crime Todd intended to commit had he unlawfully entered Victim's home.  The record does not support that proposition.  First, unlike the information in *Umfleet*, the State's information specifically alleged that Todd kicked Victim's storm door and tried to open the door "for the purpose of committing . . . burglary."  This alone differentiates the instant case from *Umfleet*.  Moreover, unlike *Umfleet*, the evidence at trial, and the State's arguments at trial, plainly establish that the State was relying on the object offense of stealing to prove that Todd attempted to commit burglary in the first degree.  Witness testimony at trial established that items of value inside of Victim's home, including a large television, were plainly visible from the deck where Todd was attempting a forced and unlawful entry.   In response to Todd's motion for acquittal at the close of the State's evidence, the State argued that "case law in Missouri set[s] forth the proposition that a defendant's intent to commit a crime can be established by forcible entry into an occupied dwelling in which there are items of value," and provided the trial court a citation to *Verkler v. State*, 694 S.W.2d 486 (Mo. App. E.D. 1985).  *Verkler* held that intent to steal is established when an accused unlawfully enters a building containing items of value.  *Id.* at 487.  In addition, the State argued during its closing that the evidence supported the conclusion that Todd had the intent to steal upon gaining entry to Victim's home.

8

Todd argues that even assuming the State sufficiently identified that his intended object offense was stealing, there was no credible evidence to establish that he had the intent to steal had he gained entry to Victim's home. Todd asserts that the evidence establishes only that Todd was high on methamphetamine and heroin.

Todd's assertion is contrary to our standard of review, and ignores that direct evidence of intent is rarely available so that intent can be reasonably inferred from circumstantial evidence. Viewed in the light most favorable to the verdict, the evidence and reasonable inferences drawn therefrom support the conclusion beyond a reasonable doubt that it was Todd's intent to steal upon entering Victim's home. The evidence established that items of value, including a television, were visible from the Victim's deck; Todd was crouching on the deck in an attempt to conceal himself from view; Todd used force in an attempt to enter Victim's home; Todd had been dropped off in Victim's neighborhood by the police after being released from a hospital earlier in the day suggesting he had no readily available resources to support or take care of himself; Todd admitted to using methamphetamine and heroin after being released from the hospital; and Todd thus had a motive to steal items of value from Victim's home. *See State v. Nolan*, 872 S.W.2d 99, 103 (Mo. banc 1994) (recognizing "[u]nlawful entry into a building containing items of value is sufficient to infer the intent to steal"), *overruled on other grounds by Deck v. State*, 68 S.W.3d 418 (Mo. banc 2002); *State v. Tilton*, 660 S.W.3d 500, 503 (Mo. App. S.D. 2023) (concluding that there was sufficient evidence to support an intent to steal when the garage contained items of value and surveillance footage showed the defendant scanning the area to determine whether anyone saw him

9

enter the garage); *State v. Cater*, 587 S.W.3d 701, 702 (Mo. App. S.D. 2019) (finding sufficient evidence of intent to steal when the defendant forced entry into the building and distributed chattel located therein); *cf. State v. Gee*, 684 S.W.3d 363, 377 (Mo. App. W.D. 2024) (acknowledging case law in Missouri that deems evidence of prior drug use admissible to demonstrate the defendant's motive to steal in order to pay for drugs). The trial court did not err in denying Todd's motion for acquittal and in finding Todd guilty of attempted burglary in the first degree.

Todd's point on appeal is denied.

## Conclusion

The Judgment is affirmed.

_____
Cynthia L. Martin, Judge

All concur