**STATE of Missouri, Respondent,**

v.

**Cornelius DODSON, Appellant.**

**No. 63753.**

Supreme Court of Missouri,
Division No. 2.

Dec. 3, 1982.

Rehearing Denied Jan. 11, 1983.

---

William M. Barvick, Jefferson City, for appellant.

John Ashcroft, Atty. Gen., John Jacobs, Jr., Asst. Atty. Gen., Jefferson City, for respondent.

WELLIVER, Presiding Judge.

Appellant Cornelius Dodson appeals from a conviction on a jury verdict finding him guilty of second degree murder, § 565.004, RSMo 1978. Punishment was assessed at imprisonment for life, § 565.008(2), RSMo 1978, to run consecutively to any term or terms that he was then serving in the Department of Corrections. Jurisdiction of this appeal is vested in this Court. Mo. Const. art. V, § 3. Appellant alleges error in the trial court's admission into evidence of a weapon fashioned from a screwdriver, which he claims was not established to be related to the death of the victim or to him. We affirm.

On April 3, 1981, Tommie Haynes, an inmate of the Missouri State Penitentiary, was stabbed to death. Appellant and Ronald Brown, also inmates, were charged with capital murder. Two corrections officers testified that they saw appellant and Brown stab Haynes. One officer saw appellant and Brown running toward Haynes through a row of hedges. Both carried long, shiny metal objects. A voice coming from their direction said, "Kill the son of a bitch." Shortly thereafter, the officer saw Haynes run into appellant, and saw appellant's arm come back and thrust forward into the victim's chest. After Haynes had fallen, the officer again saw the shiny object. Haynes got to his feet, but was then chased by Brown, who repeatedly stabbed him until he fell a final time. Another officer testified that he, too, had seen appellant stab Haynes, and later run away. Brown was taken into custody at the scene, and his clothing and weapon, both covered with fresh blood, were removed. Appellant was apprehended later. No weapon was found on him, and his clothing showed no signs of blood.

A third corrections officer testified that after the stabbing he was assigned to search the area. Under a concrete ledge next to one of the buildings in the area he discovered a weapon wrapped in a pair of trousers that were covered with fresh blood. A highway patrol criminologist testified that the blood on these trousers matched

that of the victim. The victim's blood type itself belongs to only five percent of the population and was further broken down into subtypes by enzyme and protein analysis. The weapon wrapped in the trousers had no blood on it. The criminologist indicated, however, that a thorough cleaning could have removed any blood.

The penitentiary's chief medical officer, to whom Haynes had been brought in cardiorespiratory arrest, testified that either the weapon seized from Brown or the weapon found in the bloody trousers could have caused the victim's wounds. An autopsy revealed that Haynes died as a result of a stab wound to the heart.

Appellant complains of error in admitting the weapon that had been found in the bloody trousers because it had not been established to be related to the death of the victim or to him.

Demonstrable evidence is admissible if it throws any relevant light upon a material matter at issue or if it tends to establish any fact in issue or aid the jury in any way in arriving at a correct verdict. *State v. Bolder,* 635 S.W.2d 673, 688 (Mo. banc 1982). A weapon with which the crime might have been committed, found near the time and scene of the crime, is relevant to show the means by which the crime was committed. *State v. Bennett,* 468 S.W.2d 23, 25 (Mo.1971); *State v. Richetti,* 342 Mo. 1015, 1033, 119 S.W.2d 330, 339 (1938); *State v. Duncan,* 540 S.W.2d 130, 136 (Mo.App.1976). In such a case it is not necessary to connect the weapon with the accused in order to render it admissible in evidence. *Richetti,* 342 Mo. at 1033, 119 S.W.2d at 339.

In this case, the sharpened screwdriver was found shortly after the victim was stabbed, in the course of a search of the area of the stabbing. The chief medical officer of the penitentiary testified that it was a weapon with which the victim's wounds might have been made. The screwdriver was found wrapped in trousers covered with fresh blood matching that of the victim. These facts tend to show that the stabbing was committed by means of that weapon.

In addition, evidence is held to be admissible if it has probative value in establishing conditions and if it corroborates witnesses's testimony on the issues of the case. *State v. Mucie,* 448 S.W.2d 879, 887 (Mo. 1970), *cert. denied,* 398 U.S. 938, 90 S.Ct. 1842, 26 L.Ed.2d 271 (1970); *State v. Henderson,* 510 S.W.2d 813, 821 (Mo.App.1974). The discovery of this weapon establishes the presence near in time and location of a means by which the crime could have been committed and corroborates the testimony of the two corrections officers that both appellant and Brown stabbed Haynes.

The trial court has discretion whether to admit or exclude demonstrable evidence. *State v. Bolder,* 635 S.W.2d at 688; *State v. Murphy,* 592 S.W.2d 727, 730 (Mo. banc 1979). No abuse of discretion was committed in admitting this weapon.

The judgment is affirmed.

HIGGINS and SEILER, JJ., concur.