STATE of Missouri, Respondent,

v.

Jeryl HARRIS, Appellant.

No. 45206.

Missouri Court of Appeals,
Eastern District,
Division Three.

May 10, 1983.

Motion for Rehearing and/or Transfer
Denied July 6, 1983.

Application to Transfer Denied
Aug. 16, 1983.

Joseph W. Downey, St. Louis, for appellant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, George A. Peach, Circuit Atty., St. Louis, for respondent.

CRIST, Judge.

Burglary conviction. Defendant was sentenced to thirteen years imprisonment as a persistent offender. We affirm.

Willie Forrest was parked in front of victim's house at about 3 o'clock in the morning. He was waiting to take victim to work but victim had overslept. As he sat in his car waiting for victim, Forrest watched defendant and a taller man come down the street past him and then enter victim's house. Having seen the two enter the victim's house, Forrest honked his horn awakening victim. Upon awakening, victim found a man he recognized in his living room. He did not see defendant. The two men took victim's T.V. set and stereo and fled.

Forrest gave defendant's description to a police officer in the presence of victim. Victim responded to this description by saying to the police officer "sounds like [defendant]." Defendant argues this response was admitted into evidence over his objection and was a reversible bolstering of identification testimony with hearsay. *State v. Kirkland,* 471 S.W.2d 191, 193–195 (Mo. 1971).

Ordinarily, it is error to bolster identification testimony with hearsay statements. Such statements are considered inadmissible in order to prevent their being admitted into evidence without affording the defendant an opportunity to cross-examine the declarant. *State v. Ball,* 622 S.W.2d 285, 290 (Mo.App.1981). In the instant case, defendant could not have been prejudiced as both victim and Forrest testified, and were cross-examined by the defendant at trial. *Id.*

Judgment affirmed.

CRANDALL, P.J., and REINHARD, J., concur.