**STATE of Missouri, Respondent,**

v.

**Ricky TYLER, Appellant.**

**No. 47796.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Sept. 11, 1984.

Linda Vespereny, Public Defender, St. Louis, for appellant.

John Ashcroft, Atty. Gen., John Munson Morris, Asst. Atty. Gen., Jefferson City, for respondent.

KAROHL, Judge.

A jury found defendant-appellant guilty of attempt to commit robbery in the first degree on a charge of robbery first degree. § 569.020, RSMo (1978). The jury assessed and the court sentenced defendant to serve ten years' imprisonment.

Defendant appeals on three grounds. First, he complains that he was entitled to a dismissal because the trial did not begin within 180 days after arraignment. § 545.-780, RSMo Supp.1983 (repealed 1984). He

also argues for a new trial on two grounds: (1) that two cartridges seized from defendant's rear pocket at the time of arrest should not have been admitted in evidence as they were more prejudicial than probative; and (2) that redirect examination of a police officer about statements made to her by the victim were inadmissible and prejudicial hearsay.

■ The trial began 214 days after arraignment. Defendant concedes that he requested one thirty-three day continuance. Continuances requested by a defendant are not included in the computation to determine if the trial was held 180 days after arraignment. § 545.780.3(5)(a), RSMo Supp.1983 (repealed 1984). Disregarding defendant's continuance the trial was held 180 days after arraignment. The 180th day was a Saturday. Rule 20.01(a) provides that when the final day of a time period falls on a Saturday or Sunday those days are not counted. Here the trial started on the Monday after the 180th day. We conclude that it was not untimely. § 545.-780, RSMo Supp.1983 (repealed 1984).

■ Even if the rule is not controlling we find no abuse of discretion in denying dismissal on the timeliness of the trial. Defendant has not contended that the delay was in any way prejudicial. Although he need not prove prejudice under the now repealed statute the court is authorized to consider absence of prejudice in refusing a dismissal. State v. Lawson, 630 S.W.2d 185, 188 (Mo.App.1982) citing State v. Richmond, 611 S.W.2d 351, 355 (Mo.App.1980). Appellant's first point is denied.

The case was tried on an amended information alleging defendant forcibly stole currency while armed with a deadly weapon. The original information alleged defendant had stolen a woman's purse.

The sufficiency of the evidence is not questioned. The evidence indicated that the robber wore a ski mask and was armed with a handgun. He confronted a female employee in the parking lot behind the store. They both returned to the office of the store where a male employee was told to open the safe. The entire time the robber and the two employees were in the office the woman was facing a wall and did not see what happened. The opening of the safe was interrupted by the arrival of police officers. Defendant surrendered to the police. A handgun was found hidden above a loose ceiling tile in the office within a handbag belonging to an employee. Both employees identified it as the gun the robber had used. A cartridge was found on the floor of the office and two cartridges were taken from defendant's pocket.

■ Defendant argues that the court erred in admitting the two cartridges taken from his pocket. The trial court is given broad discretion in determining the probative value of evidence. State v. Gibson, 636 S.W.2d 956, 958 (Mo. banc 1982). The possession of the cartridges tended to prove use of the abandoned gun and was properly admitted. See State v. Dodson, 642 S.W.2d 641, 643 (Mo.1982). Further, testimony about the two cartridges was received without objection although defendant did object to their admission. Their admission in evidence added nothing to the testimony and no prejudice resulted. See State v. Lehman, 634 S.W.2d 542, 544 (Mo. App.1982).

Defendant's final point contends prejudicial error in permitting the state's police officer, over hearsay objection, to answer questions of what the female victim told her. The police officer was asked several times to relate out-of-court statements of the victim. This was clear hearsay. State v. Nimrod, 484 S.W.2d 475, 479 (Mo.1972).

At trial the victim was the first witness and the police officer the last. If the police officer's answers were the same as those of the victim no prejudice could have resulted and the error would be technical only and not a ground for reversal. State v. Maxwell, 502 S.W.2d 382, 393–394 (Mo.App. 1973). In that event the defendant's contention would require no further review.

■ However, in matters of admission of evidence we review for prejudice not mere

error. *State v. Favell*, 536 S.W.2d 47, 51 (Mo.App.1976). On cross-examination defendant asked the police officer if she took a detailed statement from the victim and if she had written and reviewed her complete police report incorporating that statement. The answer was yes. The officer was then asked, "And in recalling your review of the report is there anything in there indicating that [the victim's] purse was stolen?" The answer was, "no." On redirect examination the state asked, "Now, you've been asked what [the victim] didn't tell you.[1] What did [the victim] tell you?" Defendant objected on hearsay grounds to this and similar questions. The officer was permitted to testify that the victim had told her that the defendant threatened to kill her if the safe was not opened and if the male employee did not return from talking to the police right away. The officer also testified that the victim said she heard the gun click several times. In contrast, the victim testified that the robber said, "Somebody's going to get hurt if you don't get it open" and that there was no other conversation. The victim stated she heard a clicking noise behind her but could not relate the noise to the gun. The hearsay testimony conflicted with and contradicted the victim's testimony.

■■■■ The state relies on the doctrine of curative admissibility[2] to justify the hearsay. We have applied that doctrine to permit a party to offer hearsay evidence contained in a document where the complaining party had previously asked questions about the same document. *State v. Scaturro*, 509 S.W.2d 491, 494 (Mo.App.1974). If on redirect the questions concerning statements in the report had been used to complete, explain or contradict the answers given on cross-examination, it would be admissible under that doctrine. The introduction of a document into evidence is a waiver of objection to the use of the document only as to the issues used in the original use of the document. In *Scaturro* we said,

Where one party brings into court and reads into evidence certain portions of a hospital record without any reservation of the right to object to other portions thereof and thus affirms the admissibility of the hospital record, he cannot thereafter object to his opponent's offer of remaining portions of the hospital record *which are relevant and explanatory of the portions already read into evidence by the party first sponsoring the hospital record.* (Emphasis added.)

509 S.W.2d at 494. Here the only issue the defendant opened up was the theft of [the victim's] purse. We find that the state exceeded the limited application of the doctrine and went into uninvited areas, including the threats of death and noise from a gun.

■■■■ The state has argued in the alternative that there was no resulting prejudice from the police officer reporting the victim's statements because the victim was an in-court witness and subject to cross-examination. In some cases that will be true. *State v. Robinson*, 484 S.W.2d 186, 189 (Mo.1972); *State v. Harris*, 654 S.W.2d 183, 183 (Mo.App.1983). Non-prejudice depends upon the opportunity of defendant to develop and counter the in-court testimony through cross-examination. It follows that there is no prejudice only where the testimony of the court witness is consistent with the hearsay statements of the same witness. *State v. Long*, 532 S.W.2d 814, 819 (Mo.App.1975). Where the speaker's in-court testimony is inconsistent with the hearsay testimony, cross-examination of the state's conflicting witnesses could not remove the prejudice. The in-court testimony of the victim denied any verbal threat of death or that she could relate the clicking sound to the gun. Defendant could not benefit from further cross-examination of that witness. Nor would further cross-examination of the police officer on that issue cure the harm.

The two victims' testimony relate the uncomplicated and complete story of an

---

**1.** That was not the question on cross-examination.

**2.** *See* Comment, Evidence-Curative Admissibility in Missouri, 32 Mo.L.Rev. 505 (1967).

**926**

armed robbery which was aborted by the fortunate arrival of the police and the apprehension of the robber at the scene. It cannot be found as a matter of law that the sentence as assessed by the jury would have been as punitive had the jury not heard evidence of threats of death and that the clicking noise was in fact from the handgun. The connection of the clicking noises to the gun implies a misfire of the weapon.

 The court erred in permitting the hearsay evidence. It was not invited or curative of any questions asked on cross-examination. It may have been prejudicial in the determination and assessment of punishment. The possibility of prejudice is not excluded simply because the speaker was an in-court witness who gave conflicting and opposite testimony. Error is presumed prejudicial in the result and the prejudice attaches unless it may be found not prejudicial to the result as a matter of law. *State v. Favell*, 536 S.W.2d 47, 51 (Mo.App. 1976).

We reverse and remand for a new trial.

REINHARD, C.J., and CRANDALL, J., concur.