**STATE of Missouri,
Plaintiff-Respondent,**

v.

**Robert Harry PLANT,
Defendant-Appellant.**

**No. 48599.**

Missouri Court of Appeals,
Eastern District,
Division One.

May 21, 1985.

Motion for Rehearing and/or Transfer to Supreme Court Denied July 12, 1985.

Application to Transfer Denied
Sept. 10, 1985.

Mark V. Clark, Public Defender, Columbia, for defendant-appellant.

John Munson Morris, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

KAROHL, Judge.

Defendant appeals conviction of burglary in the second degree, § 569.170, RSMo. 1978. He was sentenced as a prior offender to an extended term of 15 years. § 558.021, RSMo.1978.

Defendant challenges the admission of evidence that an eye-witness identified defendant in a photographic line-up and the admission of evidence of the contents of an abandoned van where there was no evidence connecting the contents with the charged burglary. He also challenges the sufficiency of the evidence to sustain the conviction.

In reviewing the sufficiency of the evidence, even where wholly circumstantial, the evidence is viewed in the light most favorable to the state. All contrary evidence and inferences must be disregarded. *State v. Ailshire,* 664 S.W.2d 630, 632 (Mo. App.1984). It is not the duty of this court to weigh the evidence, but to determine whether there was substantial evidence to support the verdict. *State v. Anderson,* 663 S.W.2d 412, 414 (Mo.App.1983). In this context, we review the evidence.

Between 4:30 and 5:00 a.m. on April 27, 1983, William Cagle, observed from a considerable distance two black males walking along a street in Clarksville, Missouri. He observed the facial features of one of the individuals and noted that the other walked with a limp. He got a good look at the

face of the individual whom he identified at trial as the defendant. He then heard a sound like the cracking of wood. A short time later, he saw one man pushing a shopping cart down the street. He alerted his stepfather. The stepfather saw two black men pushing shopping carts, but could not identify either of them. William and his stepfather approached the scene of the shopping carts and found them abandoned. They found cartons of cigarettes and two crowbars in the shopping carts. It was then discovered that a burglary had occurred at a local store. The cartons of cigarettes were identified as the property of the store owner.

Before the police arrived, William Cagle left the scene to attend a school activity. The stepfather told the police that two black males were seen in the area. They were approximately 5'10" tall, and not local residents.

Deputy Sheriff Haines and Deputy Sheriff Trower located two black males walking along Route N, two miles north and two miles west of Clarksville, Missouri. At about 9:45 a.m., the deputies approached the two black males with their weapons drawn. They arrested the two men, gave them *Miranda* warnings and transported them to the Pike County Sheriff's Department in Bowling Green, Missouri. Defendant identified himself as Robert Levey.

Later in the day, a 1977 green Dodge van bearing an Ohio license was found parked along Highway 79 south of Washington Street in Clarksville, Missouri. The authorities impounded the van, obtained a search warrant and searched it. The search revealed 306 cartons of cigarettes, some meat, poultry, and a lease-rental agreement. The van was rented in the name of Harry Plant and the agreement was signed by Robert Harry Plant. An employee of U–Auto Rental Company identified the defendant as the individual who rented the van at 8:00 p.m. on April 26, 1983 in St. Louis County, Missouri. The rental company recovered its van from the Sheriff's Department of Bowling Green. Other facts will be mentioned where necessary to the opinion.

■ Before addressing the issue of the sufficiency of evidence, we consider whether the admission of evidence of the contents of the van and the testimony of William Cagle that he identified defendant in a photographic line-up on the evening of April 27, 1983 was proper.

We reject defendant's claim of error on the admission of testimonial and photographic evidence of the contents of the van. Defendant claims that there was no proper foundation connecting the contents with the crime and that he was prejudiced because the evidence was irrelevant and showed, at most, other crimes. The van was found in the small town of Clarksville, Missouri. It was parked on the southbound shoulder of Highway 79, which runs through Clarksville. The van was unlocked and a key was found in the ignition. The van had been rented the evening before the burglary in St. Louis County, Missouri. Obviously, the lease-rental agreement was relevant and a proper foundation was laid for its admission. See *State v. Berns*, 502 S.W.2d 364, 368 (Mo.1973).

Defendant contests the admission of the cigarette cartons, meat and poultry on the basis that they were irrelevant and tended to prove the commission of other crimes. He relies on *State v. Rains*, 537 S.W.2d 219, 225 (Mo.App.1976). We there held that testimony concerning physical objects connected with a crime were admissible if they tended to show the manner in which the crime occurred and approved the admission of the screwdriver found in the vicinity of a burglary. That holding is not instructive in the present case.

■ Defendant did not object to Deputy Trower's testimony which described the contents of the van. He did object to the admission of photographs but only on the basis of lack of foundation. On that ground the court properly overruled the objection. Demonstrative evidence is admissible as relevant if it throws light upon a material matter at issue or tends to es-

tablish any fact in issue or aids the jury in any way in arriving at a correct verdict. *State v. Dodson*, 642 S.W.2d 641, 643 (Mo. 1982). Even if the contents of the van were suspicious, there was no evidence connecting the contents with other crimes. "In order to invoke the rule excluding proof of other crimes, there must be evidence that defendant has committed, been accused of, convicted of or definitely associated with another crime or crimes." *State v. Pilchak*, 655 S.W.2d 646, 649 (Mo. App.1983).

The jury was entitled to consider evidence concerning defendants' rental of the van the day before the burglary, the location of the van within the town of Clarksville the day of the burglary and defendant's abandonment of the van with valuable contents, together with evidence that it was unlocked and the key left in the ignition. This evidence, together with defendant's use of an alias name at the time he was arrested were probative of efforts to avoid arrest. Flight alone is, insufficient to support a conviction, *State v. Castaldi*, 386 S.W.2d 392, 395 (Mo.1965). It is, however, a circumstance which may be considered as evidence of guilt by the trier of facts. *State v. Simmons*, 494 S.W.2d 302, 305 (Mo.1973).

We also find no error in the use of the photographs for identification. On the evening of April 27, 1983, William Cagle returned from his school activity. He went to the Sheriff's Department where he was given 6 photographs. He selected number 6, the picture of defendant, and identified it as the man he saw walking down the street. During the trial he positively identified defendant. Defendant contends that since he was arrested without probable, cause, the photograph taken after his arrest, which was used in the line-up, was the product of an unlawful arrest and the identification testimony should not have been admitted. Defendant's trial objection was on the ground of the 5th, 6th and 14th Amendments of the U.S. Constitution. No objection on 4th Amendment grounds was made. Defendant maintains that the admission of this evidence was plain error.

We need not address defendant's contention that the photograph was the product of an unlawful arrest, not based on probable cause and was the fruit of an illegal arrest. Where the in-court identification by an eye-witness stems from a source independent of the arrest, the taking and use of an arrest photograph is not unconstitutionally impermissible. *State v. Olds*, 569 S.W.2d 745, 752 (Mo.banc 1978); *State v. Craven*, 657 S.W.2d 357, 361 (Mo.App. 1983).

The remaining contention of error is that the state failed to make a submissible case. The state has shown a burglary of a store on April 27, 1983. A Dodge van was found in the vicinity. The van was rented in St. Louis County to the defendant at 8:00 p.m., approximately nine hours before the burglary which occurred in the early morning hours of April 27, 1983. Defendant and another black male were seen in the vicinity of the burglarized store. A witness heard a wood cracking sound. Some of the contents of the store and two crowbars were found in the vicinity of the store. Defendant and another black male were found approximately four miles north of the store and the van approximately five hours after the burglary. At the time of arrest, defendant gave an alias name.

Viewed in a light most favorable to the state and disregarding evidence to the contrary, *State v. Jelks*, 672 S.W.2d 722, 723 (Mo.App.1984), we believe the state made a submissible case. "A burglary conviction may be upheld on accumulated facts no one of which alone creates more than a suspicion of guilt." *State v. Berryhill*, 673 S.W.2d 444, 445 (Mo.App.1982). The testimony of eye-witness, William Cagle, identifying defendant and the wood cracking sounds that he heard constitute substantial evidence that the breaking leading to the burglary was the act of defendant. Abandonment of the shopping carts and the van which defendant rented, together with the use of an alias which varied from the name in which the van was

rented, constitutes evidence of unexplained flight which is a circumstance evidencing a consciousness of guilt inconsistent with innocence. *State v. Wright*, 619 S.W.2d 822, 824 (Mo.App.1981). An attempt by an accused to deceive the police is another circumstance from which guilt may be inferred. *State v. Riley*, 536 S.W.2d 501, 504 (Mo.App.1976). "Although isolated facts viewed individually may not support more than a suspicion of guilt, ... a conviction may rest upon accumulated, inter-dependent facts, no one of which may create more than a suspicion of guilt." *State v. Jackson*, 519 S.W.2d 551, 557 (Mo.App.1975). As a stranger in Clarksville, defendant was seen and positively identified at the time of a breaking connected to a burglary. A van rented to him the evening before was later found abandoned near the scene. The evidence of flight and the use of an alias are consistent with the finding of guilt. Taken together, the evidence presented made a submissible case.

We affirm.

PUDLOWSKI, P.J., and GAERTNER, J., concur.