**STATE of Missouri, Respondent,**

v.

**David HILL, Appellant.**

**No. 52039.**

Missouri Court of Appeals,
Eastern District,
Division One.

June 30, 1987.

Motion for Rehearing and/or Transfer Denied July 30, 1987.

Application to Transfer Denied Sept. 15, 1987.

Robert L. Swearingen, Henry B. Robertson, St. Louis, for appellant.

William L. Webster, Atty. Gen., John Munson Morris, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Judge.

Defendant appeals from a jury conviction for robbery second degree, § 569.030, RSMo 1986, for which he was sentenced as a prior and persistent offender to fifteen years' imprisonment. We affirm.

The sufficiency of the evidence is not challenged, thus, a short recitation of the facts is all that is necessary. In the early morning hours of February 2, 1985, two on-duty police officers observed defendant and another man flag down victim's car and then get into it. The car drove up the street a short distance and stopped. The officers followed and ordered the three occupants of the vehicle to get out. Upon getting out of the vehicle, victim stated he

"had been robbed." Victim's wallet, ring, pocketknife and paperclipped seventy-one dollars were found on defendant. Victim testified that defendant and the other man told him they were armed and threatened to use their guns if victim didn't cooperate.

Defendant asserts the trial court erred in overruling his objections to testimony from both police officers that at the scene victim told them he had just been robbed. The objections made to this testimony was that it was impermissible hearsay because defendant had not impeached victim as to this statement.

In his brief defendant argues that victim had not been impeached as to this statement so the hearsay was not rehabilitative, that the statements were legal conclusions, and that "the trial judge had previously granted a motion in limine to keep such statements from coming out and instructed the prosecutor to not elicit such testimony from" victim. We note the record indicates that in his "motion in limine" defendant just asked victim "be cautioned ahead of time" not to say he was robbed, and that the court asked the prosecutor to caution victim. We also note victim used some form of the word "rob" at least four times during direct examination, always without objection from defendant. This third explanation of error is without merit.

 Defendant correctly states the general rule that it is impermissible hearsay for the officer to testify to victim's extrajudicial statement. In making this statement defendant primarily relies on *State v. Tyler*, 676 S.W.2d 922 (Mo.App.1984), and *State v. Maxwell*, 502 S.W.2d 382 (Mo.App. 1973). Both these cases also illustrate exceptions to that general rule. In *Tyler* we found there would have been no prejudice if the victim's in-court testimony had been the same as her statement to the officer. 676 S.W.2d at 924. In *Maxwell* we found the admission of the testimony to be harmless under the circumstances of the case. 502 S.W.2d at 395.

Testimony as to a victim's extrajudicial statements has also been found admissible to show the course of an investigation, *see State v. Robinson*, 680 S.W.2d 292, 294 [2] (Mo.App.1984), and *State v. Ball*, 622 S.W.2d 285, 290 [11] (Mo.App.1981); or because the testimony is merely cumulative, *see State v. Morris*, 639 S.W.2d 589, 592 [6] (Mo.banc 1982), *State v. Moss*, 700 S.W.2d 501, 503 [3] (Mo.App.1985), and *State v. Ousley*, 668 S.W.2d 643, 645 (Mo.App.1984).

Victim testified he told the officers he had been robbed, the officers' testimony relating that statement was cumulative. Even if the admission of the officers' testimony was in error, it was harmless error.

Judgment affirmed.

SATZ, P.J., and KELLY, J., concur.