**STATE of Missouri, Respondent,**

v.

**Timothy John CARROLL, Appellant.**

No. 53252.

Missouri Court of Appeals,
Eastern District,
Division One.

June 7, 1988.

Motion for Rehearing and/or Transfer to Supreme Court Denied July 6, 1988.

Application to Transfer Denied
Sept. 13, 1988.

William J. Shaw, Public Defender, Christopher E. McGraugh, Stormy B. White, Asst. Public Defenders, Clayton, for appellant.

William L. Webster, Atty. Gen., Christopher M. Kehr, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Presiding Judge.

Defendant was convicted by a jury of two counts of first degree robbery, § 569.020, two counts of armed criminal action, § 571.015, and four counts of felonious restraint, § 565.120. He was sentenced to thirty years for each of the robbery convictions, thirty years for each of the armed criminal action convictions, and five years for each of the felonious restraint convictions with all the sentences to run concurrently. We affirm.

Defendant appeals on the ground the evidence was insufficient to support his convictions. When deciding whether there

is sufficient evidence to support a conviction, we consider as true the evidence favorable to the State and the favorable inferences to be drawn therefrom, and evidence to the contrary is rejected. *State v. Mayes*, 654 S.W.2d 926, 928 [4] (Mo.App. 1983).

From the facts presented the jury could have found the following: On April 19, 1986, at approximately 5:30–6:00 p.m., Louis Cerutti, David Cerutti, Marion Dibone and Caren Bush were in Cerutti's Salon when defendant came in and asked for a haircut. The shop was already closed, but defendant refused to leave. He grabbed David Cerutti's arm, and partially displayed a pistol telling the victims he did not want to hurt anyone and instructing them to "do what I tell you to do."

Defendant took money from Louis Cerutti, then he forced the group into an office in the back of the salon. While in that room, defendant forced Mr. Cerutti to break open a briefcase, and defendant took the money from the briefcase.

Thereafter, defendant forced the victims into the rest room in the back of the salon and stole some money from David Cerutti. He ordered the victims to stay in the rest room for ten minutes while he left the scene. The victims left the rest room after a few minutes and notified the police.

In his first point, defendant alleges the evidence was insufficient to support any of the convictions because the evidence was obtained as a result of an overly suggestive identification procedure. The pre-trial identifications were made on the basis of a photographic lineup. The factors which defendant contends influenced the identification were: (1) each witness who identified the defendant signed the back of the photograph and thus once the photograph was turned over the identification was reinforced by the other signatures thereon; (2) the first witness who identified defendant said he was wearing the same shoes he wore at the time of the robbery; and (3) one of the victims did not pick defendant out of the lineup, but chose another individual instead.

The issue of identification was for the jury. They had a duty to weigh and compare the evidence regarding identification to determine whether defendant was guilty of the crimes. *Mayes*, 654 S.W.2d at 930; *State v. Timmons*, 584 S.W.2d 129, 133–34 [10] (Mo.App.1979). We need only decide if there was substantial evidence to support the jury's verdict. *Mayes*, 654 S.W.2d at 928 [1].

In this case, the victims had an adequate opportunity to observe defendant during the commission of the crimes. Three of the four victims identified defendant from a photographic lineup, and all four victims identified defendant at his trial as the perpetrator of the crimes.

The factors relied on by defendant to attack the identifications are not persuasive. First, the witnesses were not permitted to see the back of the photograph with the signatures thereon until after they identified the defendant, thus they were not influenced thereby. Second, the shoes worn by defendant were not shown to be distinctive, but were tennis shoes similar to those other members of the lineup were wearing. Moreover, this does not appear to be a significant factor in the identification. Finally, the fact that one witness did not identify defendant does not outweigh the fact that the other three witnesses positively identified defendant.

In his second point, defendant alleges the evidence was insufficient to sustain a conviction for felonious restraint because the State failed to show the conduct of defendant interfered substantially with the victims' liberty and exposed them to a substantial risk of serious physical injury.

Section 565.120.1 defines felonious restraint as follows:

A person commits the crime of felonious restraint if he knowingly restrains another unlawfully and without consent so as to interfere substantially with his liberty and exposes him to a substantial risk of serious physical injury. § 565.120.1, RSMo 1986.

Defendant's conduct in moving the victims throughout the salon and ordering

them to remain in the rest room while he escaped, all accomplished by the threat of injury from a weapon, was sufficient to constitute felonious restraint. *State v. Holmes,* 622 S.W.2d 358, 359 [1] (Mo.App. 1981); *State v. Hinkle,* 638 S.W.2d 804 (Mo.App.1982); *see also State v. Salkil,* 659 S.W.2d 330, 334 [11] (Mo.App.1983).

Judgment affirmed.

DOWD and REINHARD, JJ., concur.