**Robert Harry PLANT,
Movant–Appellant,**

v.

**STATE of Missouri,
Respondent–Respondent.**

No. 54984.

Missouri Court of Appeals,
Eastern District,
Division One.

Feb. 7, 1989.

Motion for Rehearing and/or Transfer to
Supreme Court Denied March 8, 1989.

Application to Transfer Denied
April 18, 1989.

J. Kevin Hamlett, W. Michael Hamilton,
Mexico, for movant-appellant.

William L. Webster, Atty. Gen., William J. Swift, Asst. Atty. Gen., Jefferson City, for respondent-respondent.

REINHARD, Judge.

Movant appeals from the denial of his Rule 27.26 motion after an evidentiary hearing. We affirm.

Movant was convicted by a jury of second degree burglary and sentenced as a prior offender to 15 years' imprisonment. He appealed and we affirmed. *State v. Plant,* 694 S.W.2d 751 (Mo.App.1985). On this appeal, movant argues the motion court erred in finding his trial counsel was not ineffective for failing to make motions to suppress or to object to evidence presented and comments made by the prosecutor which brought to the jury's attention that movant had invoked his right to remain silent at the time of his arrest.

Our review is limited to determining whether the findings, conclusions, and judgment of the motion court are clearly erroneous. Rule 27.26(j); *Richardson v. State,* 719 S.W.2d 912, 915 (Mo.App.1986). The motion court's findings, conclusions, and judgment are clearly erroneous only if a review of the entire record leaves the appellate court with a definite and firm impression that a mistake has been made. *Richardson,* 719 S.W.2d at 915.

To prevail on an ineffective assistance of counsel claim, a movant must show that counsel's performance was deficient and that the deficient performance prejudiced his defense. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). In determining whether counsel's performance was deficient, the inquiry must be whether counsel's assistance was reasonable, considering all the circumstances. The motion court should make every effort to eliminate the distortion wrought by hindsight and to evaluate the challenged conduct from counsel's perspective at the time of the conduct. There is a strong presumption that criminal defense counsel's conduct falls within "the wide range of reasonable professional assistance," and a movant must overcome the presumption that certain actions of counsel

might be regarded as sound trial strategy. *Richardson v. State*, 719 S.W.2d 912, 915 (Mo.App.1986), *citing Strickland v. Washington*, 466 U.S. 668, 688–89, 104 S.Ct. 2052, 2065, 80 L.Ed.2d 674 (1984).

The basis for movant's appeal arises out of statements by the prosecutor during opening argument and testimony he elicited at trial relating movant's use of an alias, Robert Levey, after he was arrested. The statements and testimony related the following: After being informed of his rights and stating he understood them, ·movant signed a document, using the alias, acknowledging he understood his rights, but refused to sign a waiver.[1]

On direct appeal, movant challenged the sufficiency of the evidence. In affirming we said, "The evidence of flight and the use of an alias are consistent with the finding of guilt." *Plant*, 694 S.W.2d at 755. Thus, it appears to us the state had the right to show the evidence that movant had signed the acknowledgement in its proof. However, it appears the prosecutor went into more detail than was necessary to show movant's use of an alias. Counsel testified at the evidentiary hearing that he did not object because he did not want to highlight the issue of movant refusing to waive his rights. The court's finding that counsel's actions were trial strategy is not clearly erroneous. Movant's counsel fails to specifically state what he believes trial counsel should have moved to suppress. Under the circumstances in which trial counsel faced the issue, we cannot fault him for failing to move to suppress or to object.

JUDGMENT AFFIRMED.

CRANDALL, P.J., and CRIST, J., concur.

---

**1.** Apparently the signed document was admitted into evidence.