

# Missouri Court of Appeals

## Southern District

### Division Two

STATE OF MISSOURI, )
)
    Plaintiff-Respondent, )
)
vs. ) No. SD32676
)
KEVIN RAY LAYTON, ) **Filed: August 14, 2014**
)
    Defendant-Appellant. )

APPEAL FROM THE CIRCUIT COURT OF DALLAS COUNTY

Honorable Donald G. Cheever, Circuit Judge

**<u>AFFIRMED</u>**

A jury convicted Kevin Ray Layton ("Appellant") of felonious restraint and armed criminal action. Appellant challenges the denial of his motion for acquittal regarding the sufficiency of the evidence as to whether there was a risk of serious physical injury and that Appellant knew his restraint of the victim was without authority of law. We find no error and affirm the conviction.

We limit our review of this claim to determine if there was sufficient evidence for any reasonable juror to have found Appellant guilty beyond a reasonable doubt. ***State v. Nash***, 339 S.W.3d 500, 508-09 (Mo. banc 2011). We must deny the claim of error when viewing the evidence in the light most favorable to the State if "any rational fact-finder

1

could have found the essential elements of the crime beyond a reasonable doubt." *Id.* at 509 (internal quotation omitted).  We accept all the evidence favorable to the State as true, including all favorable inferences drawn from the evidence, and we disregard all evidence and inferences to the contrary.  *Id.*

"A person commits the crime of felonious restraint if he knowingly restrains another unlawfully and without consent so as to interfere substantially with his liberty and exposes him to a substantial risk of serious physical injury."  Section 565.120.[1] Thus, the elements are (1) unlawfully restraining the victim, and (2) exposing the victim to a substantial risk of serious physical injury.  *State v. Christian*, 184 S.W.3d 597, 602 (Mo.App. E.D. 2006).  First, Appellant challenges a finding that he exposed the victim to a substantial risk of serious physical injury.

The facts in the light most favorable to the State are that Hannah Tilley ("Victim") and her boyfriend, Billy Harris ("Harris"), were staying with Appellant and his brother Dewayne Layton ("Layton").[2]  On the day of the incident, Victim and Harris got permission from Appellant to briefly borrow his truck, but kept the truck all day long. Layton sent angry texts to Victim asking where Victim and Harris were.  When they returned to Appellant's home, Layton was sitting in the living room.  Harris walked back to the middle bedroom and Layton followed.  Victim heard a commotion involving cursing and yelling and walked down the hall to the bedroom.  She saw Layton punch Harris in the face.  Harris put up his arms and said, "I'm your bro. I'm your bro."  Layton then picked up a gun from a table and shot Harris.  Victim screamed and ran to the front

---

[1] All references to statutes are to RSMo 2000, unless otherwise specified.

[2] Since they share a surname, we reiterate that when we are referring to Layton in this opinion we are referring to Appellant's brother, who was often referred to as "Whitey" at trial.

door of the trailer. At that point, Appellant came out of his room and pointed a rifle at Victim.

The facts that we accept as true are that Appellant held a gun on Victim as she pled with him not to kill her. This occurred in a chaotic environment after Victim saw her boyfriend being struck by Layton and heard a gunshot. Appellant continued to keep Victim from leaving by holding a gun on her even as Layton forced Victim to sit down while Layton explained that Victim's boyfriend was not dead from a gunshot wound. The threat of injury from a weapon has been held to be sufficient to sustain a conviction for felonious restraint. *State v. Carroll*, 755 S.W.2d 322, 323-24 (Mo.App. E.D. 1988); *State v. Gottsman*, 796 S.W.2d 27, 28 (Mo.App. W.D. 1990). Appellant argues that the State did not prove that the gun held by Appellant was loaded. The State did not have that burden. A reasonable fact-finder could find that Appellant holding a weapon while restraining Victim after a shooting had occurred exposed Victim to a substantial risk of serious physical injury.

Appellant also claims that the State did not present sufficient evidence that Appellant knew that his restraint of Victim was unlawful; he claims that "he was justified in defending his premises." In support of this claim Appellant ignores our standard of review and relies solely upon evidence and inferences contrary to the verdict. Appellant does not argue any claimed insufficiency in the evidence and inferences when viewed in the light favorable to the verdict. That evidence and those inferences support that after Appellant initially pointed the gun at Victim, his brother came into the room, admitted that he had shot Harris, claimed that Harris was okay, and stated that the bullet simply grazed Harris' ear. The jury could have reasonably found that after these events

3

Appellant knew any continued restraint of Victim at gunpoint was unlawful.  Appellant's point is denied.[3]

The judgment is affirmed.

Nancy Steffen Rahmeyer, J.  - Opinion Author

Gary W. Lynch, J. - Concurs

Mary W. Sheffield, P.J. - Concurs

---

[3] Appellant brought four points on appeal, but has waived points II, III, and IV.